TENNESSEE CENT. RY. CO. *v.* TEDDER.

(*Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

ROBERTS, ROBERTS & McCALL and WALTER STOKES, all of Nashville, for complainant.

CASSELL & LADD, of Harriman, and J. RALPH TEDDER, of Rockwood, for defendant.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This cause is before the court on the appeal of complainant from the decree of the chancellor sustaining defendant's demurrer to the original bill and dismissing the same.

Complainant averred in its bill, in substance, that defendant, on September 25, 1934, recovered a judgment against it, in the circuit court of Roane county, in the sum of $6,000; that complainant presented its motion for a new trial, which was overruled, and 30 days was allowed, from October 5, 1934, within which to file an appeal bond and a bill of exceptions, and otherwise perfected its appeal to the Court of Appeals at Knoxville; that within the time allowed it executed an appeal bond as required by law, and prepared a true and accurate bill of exceptions; that the completed bill of exceptions was submitted to counsel for defendant and their approval was noted in writing thereon; that said bill of exceptions was, on or about October 30, 1934, and before the expiration of the 30 days allowed to perfect its appeal, taken by one of the counsel of complainant to the office of the clerk of the circuit court of Roane county, where inquiry was made as to the whereabouts of the trial judge, in order that the bill of exceptions, as approved by counsel for both parties, might be presented to the trial judge for his approval and signature; that complainant's counsel was informed that the trial judge was in New York City, whereupon said counsel, while at the

office of the circuit court clerk, got in communication with the trial judge over long-distance telephone and explained to him that the bill of exceptions had been completed and bore the written approval of counsel for all parties, and the trial judge requested said attorney to affix his, the trial judge's signature to the bill of exceptions, but said attorney called the circuit court clerk to the telephone and the trial judge directed the clerk to affix his, the trial judge's signature thereto, which was then and there done by the clerk.

It was further averred that the trial judge left his jurisdiction and the state of Tennessee at least a week before the expiration of the 30 days allowed complainant to perfect its appeal, and that he remained out of the state of Tennessee until after the expiration of said 30 days, remaining in the city of New York during that time; that the trial judge was unexpectedly called to New York and had no time to notify any litigant or attorney of his departure; that complainant's counsel did not know that the trial judge was outside the state of Tennessee until receiving such information from the circuit court clerk, at the time of the above-mentioned telephone conversation.

It was further averred that on January 8, 1935, defendant presented a petition to one of the justices of the Court of Appeals for an alternative writ of mandamus against the trial judge and the clerk to make the bill of exceptions show that the signature of the trial judge thereon had been affixed by the circuit court clerk; that complainant was not made a party to that proceeding; that the trial judge and the clerk announced and admitted the fact that the clerk had affixed the signature of the trial judge to

the bill of exceptions; that the Court of Appeals rendered its opinion and ordered a peremptory writ of *mandamus* to issue as prayed; that on the same day the Court of Appeals rendered its opinion complainant filed an intervening petition in the mandamus proceeding, reviewing the facts, and praying that a rehearing be granted to the end that a *mandamus* issue requiring the trial judge to sign the bill of exceptions, and for a *scire facias* to bring the record into the Court of Appeals upon the merits. On April 13, 1935, the Court of Appeals rendered its opinion upon the intervening petition and denied the relief sought; that complainant filed its petition for *certiorari* and *supersedeas* in the Supreme Court, which was denied by the court on June 10, 1935. (The bill herein was filed on June 12, 1935).

It was further averred that the failure to procure the signature of the trial judge to the bill of exceptions was through no fault of complainant, and was so found by the Court of Appeals; that it has exhausted every remedy except that afforded by a court of equity; that there were reversible errors committed by the trial court, such as could only be preserved by a bill of exceptions, inasmuch as they relate to evidence admitted or rejected upon the trial, and to the charge of the court.

It was further averred that defendant is estopped to question the correctness of the bill of exceptions for the reason that defendant has, through her counsel, approved the same in writing; that the bill of exceptions will be stricken on an appeal, and there would be denied to complainant, through no fault of its own, the right to have its appeal heard and decided on the merits; that complainant has no adequate equity remedy at law.

644

The prayer of the bill was that said judgment be declared null and void, and that a new trial be granted in the circuit court.

Defendant demurred to the bill on the following grounds, in substance: (1) No equity on the face of the bill; (2) no cause of action alleged in the bill; (3) no case made out for equitable interference; (4) that complainant is now estopped from seeking the aid of a court of of equity, having once and for all litigated its right in a court of law; (5) that there is no showing that complainant lost any right by the decision of the circuit court, judgment of which it is sought to set aside; (6) that the bill shows on its face that complainant was guilty of laches and gross negligence in not seasonably presenting the bill of exceptions to the trial judge; (7) that the bill shows complainant guilty of laches in not seasonably presenting its petition for writ of *mandamus* to the Court of Appeals; (8) that no showing is made in the bill which would entitle complainant to ask a court of equity to compel the circuit court to grant it a new trial, as it had an adequate and complete remedy at law if it had exercised same in due time; (9) that no facts are alleged in the bill to show that defendant was guilty of any fraud, or that complainant was surprised by any act or mistake attributed to defendant; (10) that no allegations are made in the bill showing as a fact that complainant had a meritorious defense to the suit at law; (11) that no allegations are made in the bill showing that complainant was prevented from making any of its defenses in the trial at law, and no allegation that it has any new defenses to said action; and (12) that the bill shows that the writ of *mandamus* was denied complainant because it did not made a sufficient showing of loss of legal right.

The chancellor sustained the demurrer and dismissed the bill. Complainant has appealed to this court and assigned errors.

Complainant, on September 17, 1936, filed its petition in this court for leave to amend its original bill so as to aver that the Court of Appeals, on August 1, 1936, decided and passed upon its appeal from the judgment rendered against it in the circuit court, and affirmed the same upon the ground that the bill of exceptions was not signed by the trial judge. It is averred that the chancellor was prompted to sustain the demurrer because the original bill failed to show a final disposition of the damage suit, he being of the opinion that with the appeal pending in the Court of Appeals he was without jurisdiction to grant a new trial.

Defendant has filed an elaborate answer to this petition, wherein it is asserted that the petition does not correctly state all of the facts in the case; that the original bill did not state that the courts of law had finally disposed of the case, the reason for this omission being that complainant had prayed for and obtained an appeal to the Court of Appeals from the judgment of the circuit court, had filed its appeal bond, and had filed assignments of error; that at the same time complainant was prosecuting its case in the chancery court it was prosecuting its appeal in the Court of Appeals. Defendant denied that the failure to allege in the chancery bill that the case in the circuit court had been finally disposed of caused the chancellor to dismiss the bill; that there were other grounds of demurrer than that of jurisdiction.

The order sustaining the demurrer makes no reference to any of the particular grounds thereof, but broadly sus-

tains the demurrer. It does not appear that the chancellor dimissed the bill because of want of allegation of the final disposition of the law action.

On appeal, of course, this court must hear the case on the same record as was before the chancellor. Obviously, the chancellor cannot be put in error because of some fact not set up in the bill, and, therefore, not met by the demurrer. The bill, however, does aver that complainant executed an appeal bond within the time allowed, but is silent as to the disposition of the case by the Court of Appeals. It appears that at the time complainant was seeking to vacate the judgment, and a new trial in the chancery court, it had pending an appeal from the judgment it was thus seeking to vacate. The fact that it lost on appeal neither adds to nor subtracts anything from the situation presented in the record. We think the amendment is immaterial. This being true, it is unnecessary to consider the rule governing amendments in this court, or section 9054 governing a remand for the amendment of pleadings.

Complainant has made fourteen assignments of error in this court challenging the correctness of the chancellor's action in sustaining the various grounds of the demurrer.

The determinative question is, we think, Has complainant been deprived of its right to a hearing on appeal, on the merits, through no fault of its own?

The Court of Appeals, in its opinion dealing with the right of complainant to a *mandamus* to compel the trial judge to sign the bill of exceptions, said that "the Railway Company has lost its right to appeal in these two cases through no fault of its own." *Mandamus*

was refused, however, because the trial judge could not be compelled to sign a bill of exceptions after the time allowed by law. The court's conclusion from the facts set up in the petition for *mandamus* was not binding on the chancellor in passing upon the demurrer, nor upon this court, on appeal. The bill now before us undertakes to set up all the facts relative to complainant's efforts to get the bill of exceptions signed by the trial judge. The demurrer, of course, admits these facts, but not the conclusion that the failure to obtain the signature of the trial judge was without fault on the part of complainant.

From the facts related in the bill, it appears that counsel for complainant, when requested by the trial judge to sign his name to the bill of exceptions, called the clerk of the circuit court to the telephone and the trial judge instructed the clerk to affix his, the trial judge's, signature to the bill of exceptions, which was then and there done. This occurrence was 4 or 5 days before the expiration of the 30 days allowed for the filing of the bill of exceptions. The trial judge was in New York City, and the court can take judicial knowledge of the fact that within the 4 or 5 days the trial judge could have returned to his jurisdiction. It does not appear that counsel for complainant requested the trial judge to so return. On the contrary, counsel apparently was satisfied with the placing of the name of the trial judge on the bill of exceptions by the clerk of the court. The trial judge might have returned had he been so requested. That is a matter of mere speculation, of course; but whether he would have yielded to the request or not, it is essential to complainant's case that such request should have been made. It seems that complainant, in

failing to request the judge to return and sign the bill of exceptions, cannot be held to be without fault. Particularly is this true, we think, when counsel for complainant failed to advise the judge that it would be necessary for him to sign the bill of exceptions personally, and that his name signed by the clerk would be illegal and void.

No mistake of fact appears to have been made with reference to the signing of the bill of exceptions. The mistake was one of law in believing that the trial judge, while in New York City, could delegate to the clerk the authority to sign the judge's name to the bill of exceptions.

It is not claimed that defendant in any way contributed, or had any part whatsoever in having the clerk sign the judge's name to the bill of exceptions.

In *Dennis* v. *State,* 137 Tenn., 543, 195 S. W., 162, 164, this court held that every litigant had a constitutional right to have his case reviewed in the appellate courts, and relief would be awarded such litigant if he was deprived of such right without fault of his own. The court quoted from *Richardson* v. *State,* 15 Wyo., 465, 89 P., 1027, 12 Ann. Cas. ,1048, as follows:

"It seems to be well established as a general rule that, where a party has lost the benefit of his exceptions from causes beyond his control, a new trial is properly awarded. That rule has been recognized and applied more frequently perhaps in cases where the loss of the exceptions has occurred through death or illness of the judge, whereby the perfection of a bill of exceptions has been prevented. But a reference to the cases will show that various other circumstances have been held sufficient

to authorize the application of the rule in order to prevent the miscarriage of justice or the deprivation of the legal right of appeal.''

In *State ex rel. Terry* v. *Yarnell*, 156 Tenn., 327, 330, 5 S. W. (2d), 471, the court said:

.''Under the principle announced in *Dennis* v. *State, supra*, assuming that the facts stated in the petition are true, we are of opinion that a bill in equity would lie on behalf of petitioner to compel the Circuit Court to award him a new trial. Such is the relief, to which a party deprived of his appeal without fault is held to be entitled in *Dennis* v. *State.*

''The jurisdiction of a court of equity to award a new trial at law, in a proper case, is well settled. Gibson's Suits in Ch. (2d Ed.), section 1206 et seq., and cases cited.''

 It is essential, as is shown in the above and other like cases, that a party seeking a new trial at law, by bill in equity, because of loss of the right to have his case reviewed in the appellate courts, must show that this loss was without fault on his part and from causes beyond his control. This complainant has failed to do. It is one of the fundamental rules of law that there must be an end to litigation, and, as stated by Mr. Gibson in his Suits in Chancery, it is an exercise of great power in one court to set aside the judgment in another court and should not be used except in clear cases.

 Another complication confronting complainant is that while its bill seeks a new trial in the circuit court, it did not dismiss its appeal from the judgment of that court, but continued to prosecute its appeal to the Court of Appeals, so that it finds itself subject to a judgment in that court from which no *certiorari* was sought.

We are unable to see how, after seeking relief on appeal to the Court of Appeals, resulting in an affirmance of the judgment of the circuit court, and the pronouncement of a judgment against it by the Court of Appeals, complainant is in any position to seek a new trial in the circuit court by bill in equity.

After a careful consideration of the questions raised, we feel constrained to overrule all the assignments of error and affirm the decree of the chancellor.

Complainant will pay the costs of the appeal.