O'QUINN *v.* BAPTIST MEMORIAL HOSPITAL.

(*Nashville*, December Term, 1944.)

Opinion filed June 9, 1945.

W. C. Rodgers, of Memphis, for complainant.

John W. McCall, of Memphis, for defendant, appellant here.

Mr. Justice Chambliss delivered the opinion of the Court.

The appeal is from a decree awarding a new trial of a tort action in which a verdict had been directed in favor of the defendant hospital. The bill charges that the case was disposed of on May 26, 1943, by then Circuit Judge Frank H. Gailor, who four days later, on May 31st, was appointed to the Supreme Court, as Associate Justice of that Court; that plaintiff below, appellee here, promptly filed his motion for a new trial on June 1st, in time for a hearing thereof on the first motion day following the trial; that Justice Gailor did not sit as Circuit Judge after May 28, 1943, and did and could not hear the motion for a new trial, or sign a bill of exceptions; that the plaintiff, who exercised due diligence, was thus without fault of his own, deprived of his right to have his motion for a new trial passed on, his bill of exceptions signed by the trial judge who heard the case, and of his right of appeal.

The cause was heard by the chancellor on answer and stipulations of counsel from which the material facts substantially as above set forth were shown and entered a

decree ordering a new trial *de novo* by and before the successor judge of the circuit court. The defendant hospital appealed.

Appellant says that the decree was erroneous because the bill does not " (1) state a cause of action against appellant; (2) the bill and stipulation failed to show due diligence on the part of appellee; (3) there is no proof that appellee requested, or in anywise sought to have the motion and other proceedings disposed of before the resignation of Judge Gailor as a duly elected, presiding judge of the circuit court; (4) the record shows that appellee simply entered a motion for a new trial without diligence in prosecuting the same, and seeking to have said motion disposed of."

██ The power and duty of the Court to award a new trial and preserve to a party the right of appeal, when he has been deprived of this right by no fault of his own, has been recognized by this Court in several cases. *Dennis* v. *State,* 137 Tenn. 543, 195 S. W. 162; *State ex rel. Terry* v. *Yarnell,* 156 Tenn. 327, 330, 5 S. W. (2d) 471; *Tennessee Cent. R. Co.* v. *Tedder,* 170 Tenn. 639, 98 S. W. (2d) 307; *Larkey Lumber & Wrecking Co.* v. *Byrnes,* 181 Tenn. 405, 181 S .W. (2d) 361.

██ *The Dennis Case* was before this Court on appeal in error from a conviction of manslaughter, in which the defendant below had seasonably made his motion for a new trial, action on which was deferred, by default of the trial judge, pending his impeachment trial, and the motion for a new trial was finally disposed of by his successor, who had not heard the trial of the case on its merits, but who, nevertheless, had overruled the motion and signed the bill of exceptions. The case was reversed and remanded for a new trial *de novo* on the specific ground that the successor judge was not qualified to act

on the motion for a new trial, not having heard the testimony and not being in position to discharge the duty of approving of the verdict, as required by law. While the procedure was different from that in the instant case, the principle, sustained by authorities cited, was approved, as expressed in *State ex rel. Terry* v. *Yarnell, supra,* "that every litigant had a constitutional right to have his case reviewed in the appellate courts, and relief would be awarded such litigant, if he was deprived of such right without fault of his own."

In the *Terry Case* a *mandamus* to require the trial judge to sign a tendered bill of exceptions was not granted, for reasons given in the opinion, but the Court, in concluding the opinion said:

"Under the principle announced in *Dennis* v. *State, supra,* assuming that the facts stated in the petition are true, we are of opinion that a bill in equity would lie on behalf of petitioner to compel the circuit court to award him a new trial. Such is the relief to which a party deprived of his appeal without fault is held to be entitled in *Dennis* v. *State.*

"The jurisdiction of a court of equity to award a new trial at law, in a proper case, is well settled. Gibson's Suits in Ch. (2 Ed.), Sec. 1206 et seq., and cases cited."

In *Tennessee Cent. R. Co.* v. *Tedder, supra* [170 Tenn. 639, 98 S. W. (2d) 310], a suit in equity seeking a new trial of a tort action, this Court refused relief on the ground that the complainant had failed to make the essential showing that his loss of his right of appeal "was without fault on his part and from causes beyond his control," but the principle invoked was clearly recognized.

Counsel for appellant rely on and quote at length from our recent case of *Larkey, etc., Co.* v. *Byrnes, supra.*

That was another case in which relief was denied in application of the rule that equity will not intervene when it appears, as was held in that case, that the party seeking relief ''was not without fault or neglect.'' [181 S. W. (2d) 363] However, the principle approved in our other cases above cited was again distinctly recognized.

■ We have, in the instant case, for the first time, a showing of facts and circumstances which, as held by the chancellor, clearly sustain the claim of complainant below to relief. The record supports the following summary of the facts from the brief of appellee: ''In the instant case, the facts are that the trial judge only occupied the bench two days following the disposition of the cause; that the plaintiff therein was extremely diligent, having filed his motion for new trial in ample time to have it disposed of on the very first accessible motion day. In other words, not a day was lost in an effort to secure his rights. But the circuit judge never again returned to the bench. So, applicant's rights were completely cut off without even an opportunity to present either his motion for new trial or his bill of exceptions for which the law allows thirty days.''

■ If it is intended by counsel for appellant to suggest that the bill ''did not state a cause of action against appellant'' in that the merits of the circuit court case, and the errors relied on, were not set forth in the bill, it is sufficient to say that these matters were not for the consideration and determination of the chancery court in a proceeding of this nature. The relief sought here is for the purpose of having the case heard by the authorized trial tribunal. We find no error and the decree is affirmed.