S. B. Proffitt et al.

*v.*

J. Hugh Stalans.

352 S. W. 2d 231.

(*Knoxville,* September Term, 1961.)

Opinion filed December 8, 1961.

Patty & Koella, Maryville, for appellants.

Goddard & Gamble, Maryville, for appellants.

Mr. Justice Burnett delivered the opinion of the Court.

The original bill was filed in this cause to obtain a new trial after a judgment at law and to enjoin the execution on that judgment. The bill was demurred to on various and sundry grounds. The demurrer was sustained without specifying any particular ground and the suit dismissed. Consequently this appeal from that order was perfected.

Suits of this kind are rather common where the bill of exceptions has not been properly perfected in the law court and consequently the parties have failed to receive a consideration of the case involving fact questions or errors made in the introduction or rejection of fact questions where a bill of exceptions is necessary. This right originated in the jurisdiction of the English Chancery to enjoin judgments at law, not by reason of any equitable right involved in the controversy itself, but on account of wrongful acts or omissions accompanying the trial at law, originating at a time when the law courts had little or no power to grant new trials in such cases. Now in most all American courts, and particularly those of this State, the courts of law have acquired, and constantly exercise, full powers to grant new trials when-

ever error or failure of justice is done in that court. As a result of this advance in the trial of cases in law courts, cases of the kind now under consideration are becoming rare, that is to say, using the word "rare" in the sense of a favorable determination of this kind of case.

The last reported case that we have in this State wherein such a trial was granted is that of *O'Quinn v. Baptist Memorial Hospital,* 182 Tenn. 558, 188 S.W.2d 346, wherein many of our previous cases are cited and analyzed. In Gibson's Suits in Chancery, 5th Ed., Vol. 2, at Sections 1270 and 1271, the author of this work very aptly and succinctly sets forth wherein and when such a new trial will be granted. In a footnote to these two sections all of our cases involving the question here are cited. The author in sec. 1271 says this:

"A Court of Chancery, therefore, will not grant a rehearing of a suit decided in a Court of Law, unless: 1st, it be clearly shown the judgment complained of is unjust and contrary to good conscience; and 2d, that it resulted from the fraud of the other party, or from accident, surprise or mistake unmixed with the negligence on the part of the complainant or his agent or attorney."

Of course, the obvious reason for this is that the Chancery Court must have rather glaring circumstances for the conscience of that court, or the conscience of the Chancellor, to be moved to grant a new trial in such a case, and to set aside the judgment of another court of concurrent jurisdiction, because of the well founded equitable maxim that the welfare of society is promoted by having litigation come to an end. This being true, the only cases that we have found, or that have been

cited, of recent origin (we mean by recent origin, in the last forty or fifty years) are cases in which there was nothing that the law court could have done about the matter, and where there has been some fraud or such a glaring mistake in rendering the judgment below in the law court that no one could possibly be blamed for it.

With this statement in view of the present state of our law, let us see what the present case is about.

█ The bill with its various amendments alleged in substance that Stalans, the defendant in the present action, recovered a judgment on August 20, 1959, against the complainants in the Circuit Court of Blount County for $1,890.00 and that both parties made motions for a new trial which were sustained on October 8, 1959, and that the case was set for re-trial on October 21, following, which resulted in a verdict against the complainants for $6,690.00, and that then complainants in this bill made a motion for a new trial, which was overruled, and complainants were granted and perfected and appeal to the Court of Appeals in Knoxville; that a bill of exceptions was prepared and presented to the trial judge on February 29, 1960, and within the time allowed to file a bill of exceptions, when it was discovered that certain exhibits which were used in the law court, and which had been deposited with the Clerk, were missing; that most of these exhibits were pictures, the negatives of which could be supplied; that the judge did not authenticate the bill of exceptions because it was not complete and would not allow the missing exhibits to be supplied; that the appeal to the Court of Appeals was pursued but was subject to review only on the technical record and could not be tested for any grounds because of the absence of the bill of ex-

ceptions; that within three or four days after it was too late to sign the bill of exceptions, and after it was presented to the trial judge, the missing exhibits were found, and that it was through no fault of the complainants and their attorneys that these exhibits were missing and could not be found at the proper time. It is also alleged that error had been committed in the trial in the Circuit Court, which could have been corrected in the Court of Appeals had the bill of exceptions been available. It was likewise denied that complainants were in any way liable for damages suffered by the defendant to this bill, and that the Court of Appeals reinstated the judgment of the trial court and remanded the case to the trial court, and that by reason of the fact that they didn't have a bill of exceptions they were deprived of their right upon the entire record.

It will be noted in this summary of the allegations of the bill that almost four months lapsed between the date of the judgment in the law court and the time of the presenting of the bill of exceptions for the signature of the trial judge. It is further noted that within three or four days after they presented the bill of exceptions, four months after the judgment, that these exhibits were found. It will be further noted under these admitted facts under the demurrer that there had been two trials of this case. In the first trial a judgment of $1,890.00 was rendered and that on a motion for a new trial this judgment was set aside, both on motion of the complainants and the defendant and in the second trial a far larger judgment was rendered.

We must look at these things, alleged and conceded by the demurrer, from a practical standpoint. In the first

place this case was tried in the law court twice. In the first trial apparently, and it must be conceded that this is a correct conclusion, the trial judge was not satisfied with the amount of that judgment, because he granted the motion for a new trial and affirmed a judgment of a far greater amount in the second trial. It must be observed, too, that legally and otherwise it must be presumed that the trial judge in these cases did his duty and only denied this motion for a new trial because he was satisfied that no errors had been committed and was satisfied with the judgment as rendered in the second trial. We make this observation because we are in no sense intending to comment on the merits of the lawsuit because the merits and demerits of that case are not before us, but from a practical standpoint it is presumed until shown otherwise that this was a valid and fair judgment.

Then, too, we must look at the fact that between the time of that trial and the time the bill of exceptions was presented some four months later apparently nothing had been done to see if these exhibits would be ready and available for the signature and authentication of the trial judge when the bill of exceptions was presented.

Really and as a matter of good conscience and ordinary procedure in view of our present procedural rights, a Chancery Court should not step in and grant a new trial in a law court, or a court of concurrent jurisdiction, for errors committed by that court, unless the party aggrieved was fraudulently or unlawfully or unconsciously deprived of his regular remedy for the correction of the errors, if any, committed in the law court. A thorough analysis and consideration of the reasons

for this kind of lawsuit and of the authorities supporting such a lawsuit will undoubtedly bring one who is not an advocate on one particular side or the other of the lawsuit to this conclusion. In applying this rule of reason we foster the rights of society and do not do an injustice to anyone who attends to the litigation as it should be.

Under the facts of this case and for the reasons stated we can clearly see how the conscience of the Chancellor was not worried and for this kind of mistake the Chancery Court should not take jurisdiction to disturb the valid order of another court of concurrent jurisdiction. Thus we feel that the order sustaining the demurrer under these admitted facts was correct and that a motion for a new trial should not have been granted by this court of concurrent jurisdiction, especially in view of our present day procedural methods for an appeal to the Court of Appeals and then this Court on these questions. For the reasons above stated, the judgment of the Chancellor must be affirmed.