THE STATE v. RILEY PARKS.

*Character — Evidence.*

On the trial of an indictment for burning a barn, the defendant offered evidence to prove his good character; the State then introduced evidence, the defendant objecting, tending to show that defendant, shortly before the burning, made profane and violent declarations in respect to the disturbances in the neighborhood, and that a day or two after the burning, when defendant was arrested, he was found before daylight in company with several other persons, some of whom were armed with guns: *Held*, that although the evidence was slight and not very relevant, it was competent as bearing upon the character of the defendant, especially when the Court charged the jury to consider it with great caution.

CRIMINAL ACTION, tried at March Term, 1891, of RANDOLPH Superior Court, *Graves, J.,* presiding.

The facts are stated in the opinion.

*The Attorney General,* for the State.
No counsel for defendant.

MERRIMON, C. J.: The defendant is indicted for setting fire to and burning a barn, the property of the prosecutor, in violation of the statute (*The Code*, § 985, ¶ 6). He pleaded not guilty.

On the trial much evidence was produced, both by the State and the defendant. The latter produced evidence of his good character and thus put the same in question. A witness for the State testified that he had a conversation with defendant some time—how long did not appear—before the barn was burned, in which reference was made to the robbing of a house which had then been lately perpetrated, and the defendant said in that connection, "God damn them (referring to the robbers) to hell; there's going to be a battle in this neighborhood before three weeks, and I be damned if I care how quick it comes." No objection to this evidence was made until after it came out. Then the defendant requested the Court to withdraw and exclude it. The Court declined to do so, and the defendant excepted. This evidence was slight. It tended, not strongly, to show a threatening purpose and as well the character and disposition of the defendant in a light adverse to him. In its instruction to the jury, the Court cautioned them as to such evidence, saying: "Evidence of threats, while admissible, is regarded as unreliable and ought to have little weight, unless clearly directed against" the party whose barn was burned. In view of the whole evidence, including that as to his character, produced by the defendant, that which the Court refused to withdraw from the jury had slight relevancy and pertinency. It bore upon the character of the defendant, and in reply was competent.

The defendant was examined as a witness in his own behalf, and on cross-examination he was asked who were present with him at his mother-in-law's on the morning shortly before daylight when the officer arrested him for the alleged burning of the barn? He objected to the question

on the ground of incompetency, in that its purpose was to elicit immaterial evidence. The Court declined to sustain the objection. The defendant then testified that there were several persons (named), and two or three of them had guns, coming in the house. This evidence was also slight, still, in view of all the evidence, it had some bearing as tending, along with other evidence, to show the character of the defendant, he having put it in issue. But if this were not so, and the evidence was irrelevant, the mere fact that it appeared that the persons named were present, and two of them simply had their guns, did not tend, of itself, to prejudice the defendant. In that case, he ought to have shown at the proper time that it probably did prejudice him before the jury. The admission of merely irrelevant evidence is not ground for a new trial, unless it of itself tends to prejudice the complaining party, or it appears in some way that it probably did prejudice him.

Affirmed.