DEWARD MULLEN *v.* THE STATE.*

(*Jackson,* April Term, 1932.)

Opinion filed June 18, 1932.

---

*As to provision for holding special term of court, see 7 R. C. L., 990; R. C. L. Perm. Supp., p. 2111.

On irregularities in summoning jurors as prejudicial, see 16 R. C. L., 231.

J. B. AVERY, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

Plaintiff in error was convicted of bank robbery, his maximum punishment being fixed at twenty years in the penitentiary. He has appealed. Since the errors relied upon do not go to the facts, we shall only respond herein to the legal questions involved.

It is first insisted that the court was without jurisdiction to try the plaintiff in error on February 17, 1932,

for the reason that the court was then in session at Brownsville.

On January 21, 1932, the following order was entered in this case on the minutes at Alamo, to-wit:

"Came the Attorney-General to represent the plea of the State, came also the jury who was on yesterday respited in charge of their sworn officers, A. E. Espey and C. H. Brandon, and after due deliberation came into Court and reported that they could not agree. It is therefore considered by the Court that they be discharged and a mistrial entered and this case is continued until February 17, 1932."

On February 17th the following order was entered:

"Court met this morning pursuant to an adjournment present and presiding the HON. W. W. BOND, Judge, B. C. Emison, Sheriff, and R. F. Boling, Clerk, when the following proceedings were had and entered of record to-wit," etc.

Section 9937, Code of 1932, is as follows:

"Any judge, when holding any regular term of the circuit or criminal court and the business of such court requires it, may adjourn such court and hold an adjourned term at a time during or following the expiration of the time allowed by law for holding such regular term and subsequent to a time or times fixed by law for the holding of the circuit or criminal court by said judge in some other county or counties in the same judicial circuit with the county in which such adjourned term of the court is to be held."

This statute is express authority for the action taken by the trial court. The record does not sustain the contention of counsel that the Circuit Court was in session at Brownsville on February 17, 1932. The regular term

of the Circuit Court of Haywood County convened on February 1, 1932, and, in the absence of a showing to the contrary, it will be presumed that the term had been concluded prior to February 17th, or had adjourned to some subsequent date.

It is next insisted that the court erred in failing to sustain the motion of plaintiff in error to discharge the panel summoned by A. K. Montague from which the jury was chosen; the contention being that under the law the panel should have been summoned by the coroner.

It should be borne in mind that this was an adjourned session of the January term, and under section 9938, Code of 1932, the regular jurors were required to serve. It appears from the record that the regular jurors were incompetent, some having sat on the case at the former trial, and the others were present during the trial. On account of the incompetency of the regular jurors, the sheriff had summoned a panel from which to select a jury in this case. Plaintiff in error thereupon, in writing, challenged the entire panel because the sheriff was financially interested in the outcome of the suit. We quote from the record as follows:

"This motion was sustained, the prosecutor Smothers, an official of the Bells Banking Co. stating in open Court in reply to a question by the Court that the Bank was a member of the Association and the officers on conviction of a person for robbery of the bank would be entitled to a reward, and the State conceding that the Sheriff would participate in the reward and to that extent was interested. On sustaining the motion and quashing the panel summoned by the Sheriff the Court inquired of the Attorneys in the case if the Court should designate some one to summon a panel when Mr. Avery replied that

that was proper, whereupon the Court did appoint A. K. Montague, a citizen of Crockett County to summon a panel of 50 men from the body of the County to report on the next morning from which to select a jury. The defendant and his attorney were present and made no objection.''

When the new panel was summoned by Mr. Montague counsel or plaintiff in error moved that they be discharged because not summoned by the officer designated by law. We against quote from the record:

''When the motion was offered the Court inquired of Mr. Avery if the objection went to the panel being summoned by Mr. Montague who had been designated by the Court to do so, when he replied that no objection was interposed on that account. Thereupon the motion was overruled, when the defendant excepted.''

Conceding that the panel should have been summoned by the coroner, we hold that under the facts appearing plaintiff in error, through counsel, consented to the summoning of the panel by Montague, and is therefore estopped to say that the panel was summoned by the wrong official. The record is silent as to why this duty was not performed by the corner. It is sufficient to say that upon it being made to appear that the sheriff was incompetent, counsel stated that it was proper for the court to designate some person to summon a panel and the court did thereupon designate Mr. Montague, without any objection on the part of plaintiff in error or his counsel, and no objection was interposed until the next day and after the panel had been summoned. The objection therefore came too late.

Litigants cannot trifle with the court and involve it in expense and delay by such a procedure. This prin-

ciple finds support in the opinion in *Mahon* v. *State*, 127 Tenn., 542, and comes within the provision of chapter 32, Acts of 1911, which prohibits a reversal "for any error in any procedure in the cause, unless, in the opinion of the Appellate Court to which application is made, after an examination of the entire record in the cause, it shall affirmatively appear that the error complained of has effected the results of the trial."

In this case it is not insisted that plaintiff in error was injured or prejudiced by the erroneous procedure in the trial court.

 It is finally contended that the accomplice, Tom Wright, was incompetent to testify because he had been rendered infamous. Plaintiff in error offered no minute entry to that effect; and since courts speak only through their minutes, the fact that the court had pronounced a sentence of infamy would be ineffective until entered on the minutes. *Wilkinson* v. *Shale Brick Corp.*, 156 Tenn., 378; *Heard* v. *Elliott*, 116 Tenn., 150; *State* v. *True*, 116 Tenn., 294, 312-313.

In the last named case it is said: "However formal and full those proceedings may have been, not having reached the minutes of the court, they do not constitute any valid action upon its part. Courts of record and legislative bodies—and quarterly courts partake somewhat of the nature of both, and in this particular matter that of Robertson County was acting in its legislative capacity—speak only through their records. The law requires records to be made of their proceedings, and that they be signed. That a judgment or decree was pronounced, or an order made or a motion carried, if it be not spread upon the minutes of the court required to be kept for that purpose, avails nothing, and is as if no

such proceeding was ever had. The action of a court or legislative body is not complete or effective for any purpose until the record evidencing it has been made and duly authenticated. The records of courts and legislative bodies are the sole witnesses of their proceedings, and they can only be proven by duly certified copies of such records. Parol evidence cannot be heard for this purpose. These are well established rules, and every principle of public policy imperatively forbids any departure from them. *Brooks* v. *Claiborne County,* 8 Baxt., 46; *Fraker* v. *Brazelton,* 12 Lea, 280, 281.''

The State insists that a conviction for bank robbery which is made a distinct offense by chapter 128, Acts of 1925, makes no provision for a judgment of infamy, and cites as authority *Wilcox* v. *State,* 50 Tenn., 110.

For the reasons stated, we find it unnecessary to pass upon this question.

Affirmed.