PRINCE *v.* LAWSON *et al.*

(*Nashville*, December Term, 1933.)

Opinion filed March 31, 1934.

320

Claude B. Stephenson, of Centerville, for appellant.

Logan Beasley and Robt. P. Brown, both of Centerville, for appellees.

Mr. Justice Swiggart delivered the opinion of the Court.

The original bill in this cause was filed to obtain, by decree of the chancery court, a new trial in an action at law, pending in the circuit court of Hickman County, on the ground that because of the illness and death of the circuit judge, complainant was denied his right to a review of an adverse verdict and judgment rendered in the circuit court. The bill also avers, as a basis for the relief sought, that the action of the circuit judge overruling his motion for a new trial did not reach the minutes of the circuit court, and was therefore ineffective.

The chancellor disposed of the case on demurrer, dismissing the bill, but in so doing irregularly looked to and considered certified copies of certain records of the circuit court which were not exhibits to the bill, but were

made exhibits to the answer. Because of this irregularity in the consideration of the case below, the issues here made are confused.

The original bill avers that the verdict in the action at law was rendered by a jury on September 2, 1932, but was not entered on the minutes until October 14, 1932, on which date judgment was rendered, and time granted for the filing of a motion for a new trial; that the motion for a new trial was filed on October 14, 1932, and heard or taken under advisement by the court on October 22, 1932.

In the answer filed by the defendants it is asserted that the order of the court recording the verdict and rendering judgment was entered on its minutes on September 2, 1932; but since this is a review of the chancellor's decree sustaining the demurrer, we must take the averments of the bill as true. An answer cannot be looked to, in aid of a demurrer.

The Act of 1885, brought into the Code of 1932 as section 9047, limiting the control of a trial court over its judgments to a period of thirty days from the date of rendition, does not apply to verdicts. There is nothing in said statute which would prevent a trial court from extending the time for filing a motion for a new trial to any date within the term, although the term may extend longer than thirty days from the date of the verdict, provided the order extending the time is made within thirty days from the date a judgment is rendered on the verdict.

In complainant's bill it is not intimated that the judgment entered on October 14th was a *nunc pro tunc* entry, relating back to the date on which the jury returned its verdict. If therefore the judgment was actually entered on October 14th, it was within the power of

the circuit court to permit the complainant to file his motion for a new trial on that date, and to dispose of it thereafter.

The bill further avers that the motion for a new trial was overruled by the circuit judge at the following term of the circuit court, on December —, 1932; that an order so reciting was approved for entry by the trial judge on January 3, 1933, and at the same time another order was approved by the trial judge, granting complainant thirty days from that date within which to file his bill of exceptions. It is further averred that the trial judge died on January 25, 1933, without signing the bill of exceptions, and that he was therefore deprived of his right of review.

■ It is at least doubtful whether this order, approved January 3, 1933, overruling the motion for a new trial has any force or validity, since it was not *entered* on the minutes of the court. *Jackson* v. *Jarratt,* 165 Tenn., 76, 52 S. W. (2d), 137. The two orders of that date, however, are in like condition, and if one is effective, the other also is effective. If the motion for a new trial was filed in time, as averred in the bill, and if it was overruled by the court, by order dated January 3, 1933, then the complainant was deprived of his bill of exceptions by the death of the trial judge, and would be entitled to have a decree granting him a new trial. The same result would follow if the trial judge died without effectively overruling the motion for a new trial. *Dennis* v. *State,* 137 Tenn., 543, 195 S. W., 162.

The decree of the chancellor dismissing the bill on demurrer will therefore be reversed, and the case remanded for a hearing as to the controverted question of fact noted; that is, whether the motion for a new

trial, filed October 14, 1932, was filed more than thirty days after final judgment had been entered on the minutes of the circuit court. Obviously this question will be controlled by the minutes themselves, as they appear of record in the circuit court.

The costs of the appeal will be divided between the parties.