FREEMAN McCLAIN *v.* STATE OF TENNESSEE.

(*Jackson,* April Term, 1948.)

Opinion filed May 3, 1948.

BEN O. WEEKS, of Knoxville, MILLARD E. LEE, of Selmer, and JOHN J. CALDWELL, of Savannah, for plaintiff in error.

NAT TIPTON and ALLISON B. HUMPHREYS, JR., Assistant Attorneys General, for the State.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Defendant appealed from conviction of violation of the age of consent and sentence to three years in the penitentiary.

When at the Jackson Term 1947, the case was set, suggestion of diminution was made and we granted *certiorari.*

On the remand from the supplementary transcript filed in accordance with the *procedendo,* it appears that no final judgment containing sentence and no judgment overruling motion for new trial were entered on the minutes during the tenure of office of the Judge before whom the case was tried.

However, on the remand, a memorandum in the handwriting of that Judge was introduced at a hearing before his successor, and from that memorandum it appears that final judgment, sentence and judgment overruling motion for new trial were in fact pronounced, though not entered on the minutes and not signed by the Trial Judge. The successor Judge thereupon, on the authority of the memorandum of the former Judge, entered an order *nunc pro tunc* sentencing Defendant to the penitentiary and overruling a second motion for new trial filed by Defendant, preserving exceptions to these actions of the successor Judge.

We are constrained to sustain the assignments of error and reverse and remand the case.

■ If upon the remand, on *certiorari*, the Trial Judge had been still in office, there is no doubt that he had authority, though a term had intervened, to sentence Defendant and sign minutes containing final judgment and judgment overruling motion for new trial. *Sharp* v. *State*, 117 Tenn. 537; 97 S. W. 812; *Spencer* v. *State*, 125 Tenn. 64, 140 S. W. 597, 38 L. R. A., N. S., 680.

The Trial Court speaks only through its minutes. *Mullen* v. *State*, 164 Tenn. 523, 528, 51 S. W. (2d) 497; *Jackson* v. *Jarratt*, 165 Tenn. 76, 52 S. W. (2d) 137.

■ Without a minute entry showing that the Trial Judge approved the verdict (*Curran* v. *State*, 157 Tenn. 7, 4 S. W. (2d) 957) and sentenced the Defendant, the conviction of guilt is incomplete. *Spencer* v. *State*, 125 Tenn. 64, 69, 70, 140 S. W. 597, 38 L. R. A., N. S., 680.

■ The only authority to approve the verdict and overrule the first motion for new trial by signing the minutes, was the Judge who heard the evidence and actually tried the case. *Dennis* v. *State*, 137 Tenn. 543, 195 S. W. 162; *O'Quinn* v. *Baptist Memorial Hospital*, 182 Tenn. 558, 188 S. W. (2d) 346.

■ We decline to apply Code, sec. 8721 on account of the lack of any minute entry, and we distinguish *Payne* v. *State*, 154 Tenn. 47, 289 S. W. 526, because the Judge who entered the *nunc pro tunc* order was not the Judge who tried the case. The supplemental transcript here is like the "first supplemental record" which Judge Cook refused to consider in *Upchurch* v. *State*, 153 Tenn. 198, 201, 281 S. W. 462.

Reversed and remanded.

All concur.