# MRS. BERTHA HICKLE v. RALPH E. IRICK.—300 S. W. (2d) 54.

Eastern Section. August 10, 1956.

Petition for Certiorari denied by Supreme Court December 7, 1956.

Ambrose & Wilson and Karl Saulpaw, Jr., Knoxville, for plaintiff in error.

Kramer, Dye, McNabb & Greenwood and Andrew Johnson, Knoxville, for defendant in error.

HOWARD, J. This action grew out of an automobile accident in which the plaintiff, Mrs. Bertha Hickle, sued the defendant, Ralph E. Irick, for damages for personal injuries, in the Circuit Court of Knox County.

The case was tried during the September 1955 term of that Court before the Honorable William C. Burton, Judge of the Second Division, and a jury, resulting in a verdict and judgment for defendant. Motion for new trial was duly filed by the plaintiff, and argued before the trial judge on November 19, 1955. At the conclusion of the argument the Judge orally stated that the motion for new trial was overruled, and at the same time made the following handwritten notation on the margin of the motion, "11-19-55 overruled".

The Judge then left the Court House, was taken to a

hospital, and remained there until he died on December 24, 1955.

Immediately following the overruling of the motion and after the Judge had left the Court House, attorneys for both parties OK'd an order overruling the motion and lodged it with the Clerk of the Court, who did not enter same of record during the September term which ended by law on the 1st Monday in January, 1956, on which day a new term began.

After the death of Judge Burton, the Governor appointed the Honorable John T. Gilbertson of the Knoxville Bar as successor to Judge Burton, and Judge Gilbertson qualified and assumed his judicial duties on January 10, 1956.

On February 3, 1956, attorneys for the defendant on discovering that the order overruling the motion had not been entered of record, requested the Clerk by letter to enter same upon the minutes of the Court. Pursuant to said request the Clerk, on February 7, 1956, copied the order on the minutes under date of November 19, 1955, the minutes showing that neither the order nor the minute entry showing same had been signed by the trial Judge.

On February 4, 1956, plaintiff filed a motion to vacate the judgment and grant a new trial on the ground that plaintiff's motion for new trial had not been finally determined, and no bill of exceptions settled.

On February 18, 1956, Judge Gilbertson overruled the plaintiff's motion for a new trial, and 4 days later on February 22, judgment was entered reciting, as follows:

"Since the minutes of this Court now reflect the

fact that the motion for new trial which was filed on November 5, 1955, was overruled by appropriate order, and since said order was entered February 7, 1956 for November 19, 1955, it is the opinion of the Court that the aforesaid motion for new trial of the plaintiff in this cause which was filed and heard February 4, 1956 should be and same is hereby overruled.''

Plaintiff has appealed from said judgment, and has assigned as error that the motion for new trial first filed was not finally determined by the trial judge, and his successor had no authority to overrule same.

Defendant insists that the lower Court did not err in overruling the second motion for a new trial, because (1) the Clerk was authorized by statute to enter the Court proceedings each day, which he could do at any time thereafter, even though a new term had intervened, and that neither the failure of the Clerk to enter the order during the term nor the failure of the Judge to sign the minutes prejudiced the rights of plaintiff; and (2) that plaintiff's remedy was by bill in equity and not by motion for a new trial in the Circuit Court, and in support of these contentions the defendant relies upon T. C. A., secs. 18-102 to 18-105; Tennessee Procedure in Law Cases, Sec. 1722, pp. 684, 685; Moore v. State, 50 Tenn. 493; Wind Rock Coal & Coke Co. v. Robbins, 1 Tenn. App. 734; Jackson v. Jackson, 3 Tenn. Cas. (Shannon) 18; Louisville & N. R. Co. v. Ray, 124 Tenn. 16, 134 S. W. 858.

While the Code Section relied upon makes it the duty of the Clerk to '' [enter] the minutes of each day's proceedings during the session of the court, in the order in which they are made,'' this section limits his authority

to enter said proceedings "during the session of the court." He has no authority to enter an order on the minutes of a previous term during a succeeding term under the statute authorizing a Judge to correct errors or omissions in the minutes of his Court within a year. The failure to enter an order made at a previous term of Court may be corrected only by an order of the Court nunc pro tunc on the minutes of such succeeding term, which is a judicial function to be exercised exclusively by the Judge and not by the Clerk. Gillespie v. Martin, 172 Tenn. 28, 109 S. W. (2d) 93; Jackson v. Jarratt, 165 Tenn. 76, 52 S. W. (2d) 137; Davis v. Jones, 40 Tenn. 603.

It appears that none of the cases relied on by the defendant involved authority of the Clerk to enter a judgment nunc pro tunc, and we are of the opinion that the action of the learned Circuit Judge, if valid, would make the judgment against plaintiff entered at the previous term of the Court final, and cut off her right to appeal therefrom.

In Moore v. State, supra, the Court held that a minute entry properly made by the Clerk of each day's proceedings during the session of the Court, although not signed by the Judge because of his death, could be looked to as evidence of an agreement made in the progress of the case.

In Wind Rock Coal & Coke Co., v. Robbins, supra, the Court held that a Judge had power at a subsequent term to make an order nunc pro tunc to correct omission to enter judgment at previous term when supported by the record.

In Jackson v. Jackson, supra, it is held that a judgment duly rendered and entered on the minutes is not void

because the Judge from inadvertence or other cause failed to sign the minutes.

In Louisville & N. R. Co., v. Ray, supra, it was held that the time in which to appeal ran from entry of judgment overruling motion for new trial and not from rendition of verdict of the jury. The question here was not involved in any of the above cases.

While the failure of the Clerk to enter a judgment upon the minutes may be corrected by order nunc pro tunc entered by order of the Judge at a succeeding term, it is well settled that until the record is so corrected, a judgment orally pronounced cannot be appealed from, and is not binding on the parties for any purpose. Louisville & N. R. Co. v. Ray, supra; State v. McClain, 186 Tenn. 401, 210 S. W. (2d) 680; Massachusetts Mut. Life Ins. Co. v. Taylor Implement & Vehicle Co., 138 Tenn. 28, 195 S. W. 762; Fraker v. Brazelton, 80 Tenn. 278.

The defendant's second contention that plaintiff's exclusive remedy was by bill of equity is met by the rule announced in several analogous cases in which the relief sought here by plaintiff has been allowed. Fraker v. Brazelton, supra; McClain v. State, supra; Larkey Lumber & Wrecking Co. v. Byrnes, 181 Tenn. 405, 181 S. W. (2d) 361; Jackson v. Jarrett, supra; Dennis v. State, 137 Tenn. 543, 195 S. W. 162.

In State ex rel. Richards v. Sneed, 105 Tenn. 711, 58 S. W. 1070, 1072, the Circuit Judge had heard a case without a jury and announced his decision, giving plaintiff judgment for $65, but no judgment was entered of record.

On September 3rd, three days after the term of Court in Knox County in which the suit was tried had ended

by law, and another term had begun in Sevier County, the trial Judge entered judgment on the minutes of the Court in Knox County for the $65 and cost, overruling a motion for new trial and granting an appeal, allowing until September 8th to perfect same. The bill of exceptions was signed and filed September 7th.

Thereupon the Judge believing he could do no valid business after the previous term ended, entered judgment nunc pro tunc as of the date of the trial during the previous term, but reciting that the prayer for appeal was not made and granted until September 3rd and time then allowed for filing bill of exceptions and overruling the motion for new trial and prayer for appeal. Regarding these circumstances the Supreme Court, on petition for mandamus, said:

"This left the record in shape, showing that a judgment was entered September 1st, when court was in session, but no appeal was granted or time given to file bill of exceptions until 3d of September, when the court was not and could not be in session."

And the Court further said:

"The action of the trial court, * * led the defendant's counsel to delay his appeal until he could not legally make it, and we are of opinion that all the action of the court on the 3d of September was void and of no effect, and the entry ordered on that day to be made as of date September 1st was unauthorized and of no effect, and should be stricken out. This being done, the case stands as though no judgment had ever been rendered in the cause. It is immaterial whether the trial judge authorized an entry showing the court opened on the 3d of September, or

that this entry was made by the clerk of his own motion. The fact appears from the record and the answer of the judge that the entry was ordered to be made after the court adjourned, and to be dated back to a date when it was in session, and this we think, was a void action on the part of the trial judge, and could not be permitted to prejudice the defendant in his effort to have his case reviewed."

Accordingly, the Supreme Court granted the writ of mandamus directing the Circuit Judge to enter an order while the Court was in session in Knox County, setting aside the order of September 3, entering judgment, etc., and restoring the case to the docket for such further disposition as was proper.

In State ex rel. v. Sneed, supra, the defendant also filed the record for writ of error, which the Supreme Court denied because of no valid judgment in the Circuit Court.

■ In the instant case the plaintiff filed a motion to set aside the judgment that was entered by the Clerk, and to enter judgment sustaining her motion for new trial. This motion was heard and judgment entered on the minutes of the January term of Court in term time overruling her motion for a new trial, and granting an appeal. That was a final judgment from which appeal was properly granted, and gives this Court jurisdiction to review the case.

In State ex rel. Richards v. Sneed, supra, the question was also made, as here, that the remedy was by bill in equity, and overruling that contention, the Court said:

"The relator had a right to have a judgment judicially rendered in the court below, and to have it

reviewed in the appellate court, and to have his rights determined, and an end of litigation in the suit then pending; and he cannot be required to seek relief in a chancery court of equal power with the circuit court, and which at best could give but partial relief, and with a probability, if not a certainty, of conflict of authority. The court of chancery could not vacate or expunge the void entry on the circuit court minutes, and at most could only enjoin the execution and declare the judgment void.''

■ While recognizing the established rule that when a party has been deprived of his right of appeal without fault on his part, the Chancery Court has jurisdiction to enjoin the execution of the judgment and retry the case on its merits, but said remedy, however, does not afford him a right to a review of the judgment in the law court to which he is entitled, this being a sufficient reason why injunction in equity is not his exclusive remedy.

In Dennis v. State, 137 Tenn. 543, 195 S. W. 162, the defendant was found guilty by the jury of manslaughter, and motion for a new trial was promptly filed before the trial Judge, who continued the motion until impeachment proceedings were instituted against him. Thereafter Judge Puryear, who was appointed as Special Judge, heard and overruled the motion for new trial, sentencing the defendant to a term in the penitentiary. The defendant made a motion in arrest of judgment, which was overruled, and appeal prayed and granted to the Supreme Court, as in the instant case. The Supreme Court held the appeal proper, and reversed the judgment.

In State v. McClain, supra, the defendant was convicted of the crime of Violation of the Age of Consent and was sentenced to 3 years in the Penitentiary, from which he appealed to the Supreme Court. At the Jackson Term 1947 of that Court, a suggestion of diminution was made and granted and the case was remanded. Upon the hearing in the Supreme Court, it appeared from the supplemental transcript filed in accordance with the procedendo that no final judgment containing sentence and no judgment overruling motion for new trial were entered on the minutes during the tenure of office of the Judge before whom the case was tried. On the remand a memorandum in the handwriting of the Judge who tried the case was introduced at a hearing before his successor, from which it appeared that final judgment, sentence and judgment overruling motion for new trial were in fact pronounced, though not entered on the minutes and not signed by the Trial Judge. The successor Judge thereupon on the authority of the memorandum of the former Judge entered an order nunc pro tunc sentencing the defendant to the Penitentiary and overruling a second motion for a new trial filed by the defendant, who preserved exceptions to these actions of the successor Judge. In sustaining the defendant's assignments of error and reversing and remanding the case, the Court held [186 Tenn. 401, 210 S. W. (2d) 681]:

"If upon the remand, * * * the Trial Judge had been still in office, there is no doubt that he had authority, though a term had intervened, to sentence Defendant and sign minutes containing final judgment and judgment overruling motion for new trial. Sharp v. State, 117 Tenn. 537, 97 S. W. 812; Spencer

v. State, 125 Tenn. 64, 140 S. W. 597, 38 L. R. A., N. S., 680.

"The Trial Court speaks only through its minutes. Mullen v. State, 164 Tenn. 523, 528, 51 S. W. (2d) 497; Jackson v. Jarratt, 165 Tenn. 76, 52 S. W. (2d) 137.

"Without a minute entry showing that the Trial Judge approved the verdict (Curran v. State, 157 Tenn. 7, 4 S. W. (2d) 957) and sentenced the Defendant, the conviction of guilt is incomplete. Spencer v. State, 125 Tenn. 64, 69, 70, 140 S. W. 597, 38 L. R. A., N. S., 680.

"The only authority to approve the verdict and overrule the first motion for new trial by signing the minutes, was the Judge who heard the evidence and actually tried the case. Dennis v. State, 137 Tenn. 543, 195 S. W. 162; O'Quinn v. Baptist Memorial Hospital, 182 Tenn. 558, 188 S. W. (2d) 346."

 In the instant case, for reasons indicated, we are constrained to hold that plaintiff has been denied the right to have the judgment against her reviewed in this Court through no fault on her part.

Accordingly, the judgment will be reversed and the case will be remanded to the Circuit Court where an order will be entered setting aside all proceedings had at the trial and restoring the case to the docket for trial as upon continuance.

The cost incident to the appeal to this Court will be adjudged against the defendant.

Reversed and remanded.

McAmis, P. J., and Hale, J. concur.