IRVING JACKSON v. DOROTHY HANDELL.

IRVING JACKSON v. DAVID N. SMITH.

LILLIAN JACKSON v. DAVID N. SMITH.—327 S. W. (2d) 55.

Eastern Section. February 26, 1959.

Certiorari Denied by Supreme Court July 27, 1959.

Roberts & Weill, and Dixie Smith, Chattanooga, for plaintiffs in error.

Harry Berke and Spears, Moore, Rebman & Williams, Chattanooga, for defendants in error.

HOWARD, J. These consolidated actions grew out of an accident between two automobiles which occurred in the intersection of Mayfair and Sweetbrier Avenue, in the City of Chattanooga, on July 18, 1956, at about 6:30 P.M. One of the automobiles involved was owned and driven by David N. Smith, and the other car was owned and driven by Irving Jackson. Riding in the car with Jackson was his wife, Lillian Jackson, and his sister-in-law, Dorothy Handell, who was a guest. Both Mrs. Jackson and Miss Handell were injured and sued for damages.

Referring to the parties as they appeared below, Miss Handell sued both Irving Jackson and David N. Smith; Lillian Jackson sued David N. Smith, and in cross-actions

Smith and Jackson sued each other for property damages to their respective automobiles.

Plaintiffs' declarations allege both common law negligence and statutory violations to which the defendants filed special pleas specifically denying negligence.

The cases were tried in the First Division of the Circuit Court of Hamilton County before the Honorable Fred Ballard, Circuit Judge, and after hearing the evidence, argument of attorneys and the charge of the Court, the jury, on February 7, 1958, returned the following verdicts: For Dorothy Handell v. Irving Jackson, $15,000, and David N. Smith v. Irving Jackson, for $1,050. In the cases of Dorothy Handell, Lillian Jackson and Irving Jackson v. David N. Smith, the jury returned verdicts in favor of the defendant, David N. Smith.

Motions for a new trial were filed by Irving Jackson and Lillian Jackson, and a precautionary motion for a new trial was filed by Dorothy Handell as to David N. Smith. These motions were argued before Judge Ballard on March 3, 1958, and at the conclusion of the argument the Judge orally stated that all the motions were overruled, and on the Court files made the following handwritten notations:

In the case of Dorothy Handell v. Irving Jackson and David N. Smith— ''3/3/58, Motions for a new trial overruled. Ballard, Judge.''

In the case of Lillian Jackson v. David N. Smith— ''3/3/58, Motion for new trial overruled. Ballard, Judge.''

In the cross-actions of Irving Jackson v. David N. Smith—''3/3/58, Motion for a new trial in original

action overruled. Remittitur of $300.00 suggested on cross-action. If accepted motion for new trial on cross-action will be overruled. If not accepted, motion for new trial on cross-action will be sustained. Ballard, Judge.''

On March 11, 1958, before orders overruling the motions for a new trial were entered, Judge Ballard died suddenly at his home of a heart attack. Thereafter, the Governor appointed as Judge Ballard's successor, the Honorable John T. Mahoney, of the Chattanooga Bar, who qualified and assumed his judicial duties on April 14, 1958.

On April 18, 1958, Irving Jackson and Lillian Jackson filed motions to vacate the judgments previously entered, and to grant them new trials on the ground that their original motions for a new trial were still pending and had not been finally determined.

On May 8, 1958, Judge Mahoney overruled all motions for a new trial and, after suggesting a remittitur of $300 in the cross-action of David N. Smith v. Irving Jackson, which was accepted by Smith, entered judgments which, except as to the names of the parties and their relative positions, are alike and recite as follows:

''The foregoing facts being undisputed, and all duly appearing to the Court from its examination of the record in this cause, the notation made by Judge Fred B. Ballard on the court file, and the affidavits of Silas Williams, Jr., and Harry Berke, dated April 16, 1958, and filed April 17, 1958, which affidavits are hereby made a part of the record in this cause, it is the opinion of the Court that the original mo-

tion for new trial of the defendant, Irving Jackson, and the 'precautionary motion for new trial' of the plaintiff were fully heard, considered and disposed of by the Honorable Fred B. Ballard prior to his death and that the amended motion for new trial of the defendant, Irving Jackson, is not well taken and should be in all respects overruled.

"It is, therefore, Ordered, Adjudged and Decreed by the Court that the motion for new trial of the defendant, Irving Jackson, and the 'precautionary motion for new trial' of the plaintiff, are in all respects overruled and disallowed."

Both Irving Jackson and Lillian Jackson have appealed from said judgments and have assigned as error that their orignial motions for a new trial were not finally determined by the trial judge; that his successor had no authority to overrule same and should have granted their amended motions for a new trial.

On behalf of defendants-in-error it is insisted there was a "hearing" on the original motions for a new trial as evidenced not only by the notations and signature of the trial judge appearing on the Court file of each case, but also the trial judge's oral statement made in open Court that the motions were overruled; that though no final orders overruling the motions were entered, there was a final determination under the applicable provisions of T. C. A. sec. 17-117, which reads as follows:

"New trial after death or insanity.—Whenever a vacancy in the office of trial judge shall exist by reason of the death of the incumbent thereof, or permanent insanity, evidenced by adjudication, after

verdict but prior to the hearing of the motion for new trial, a new trial shall be granted the losing party if motion therefor shall have been filed within the time provided by rule of the court and be un-disposed of at the time of such death or adjudication.''

■ Prior to and since the above statute was enacted in 1945, (Chapter 21, Public Acts 1945), the appellate courts of this state have held repeatedly that a court speaks only through its minutes. Fraker v. Brazelton, 80 Tenn. 278; State v. True, 116 Tenn. 294, 95 S. W. 1028; Dennis v. State, 137 Tenn. 543, 195 S. W. 162; Massachusetts Mutual Life Ins. Co. v. Taylor Implement & Vehicle Co., 138 Tenn. 28, 195 S. W. 762; Broadway Motor Co. v. Public Fire Ins. Co., 12 Tenn. App. 278; Mullen v. State, 164 Tenn. 523, 51 S. W. (2d) 497; Jackson v. Jarratt, 165 Tenn. 76, 52 S. W. (2d) 137; Prince v. Lawson, 167 Tenn. 319, 69 S. W. (2d) 889; McClain v. State of Tenn., 186 Tenn. 401, 210 S. W. (2d) 680; Bernard v. Walker, 186 Tenn. 617, 212 S. W. (2d) 600; Hickle v. Irick, 42, Tenn. App. 183, 300 S. W. (2d) 54.

In Dennis v. State, supra, it was held that denial of a motion for a new trial by a special judge appointed pending impeachment proceedings against the judge who presided at the trial was not an approval of the verdict.

In Massachusetts Mutual Life Ins. Co. v. Taylor Implement & Vehicle Co., supra, it was held that the action of the Court was incomplete and not effective for any purpose until record thereof has been spread upon the minutes of the Court, and the minutes duly signed or authenticated.

In Broadway Motor Co. v. Public Fire Ins. Co., supra, it was held that a judgment has no force whatever until it has been reduced to writing and entered on the minutes of the Court.

In Mullen v. State, supra, it was held that pronouncement of sentence was of no force or effect until the judgment is entered upon the minutes of the Court, since the Courts speak only through their minutes.

In Jackson v. Jarratt, supra [165 Tenn. 76, 52 S. W. (2d) 138], the Court held that "No recovery or other action may be based on a judgment, nor need any relief from it be sought, until the judgment 'rendered' has been entered, so as to give it binding effect as a judicial act."

In Prince v. Lawson, supra, it was held that where the trial judge made an order overruling the motion for a new trial, but died before judgment was entered on the minutes, that complainant was entitled to decree granting him a new trial.

In McClain v. State of Tenn., supra [186 Tenn. 401, 210 S. W. (2d) 681], decided in May, 1948, it was held that the only authority who may approve verdict and overrule motion for a new trial by signing the minutes is the Judge who heard the evidence and actually tried the case, the Court saying:

"The Trial Court speaks only through its minutes. Mullen v. State, 164 Tenn. 523, 528, 51 S. W. (2d) 497; Jackson v. Jarratt, 165 Tenn. 76, 52 S. W. (2d) 137.

"Without a minute entry showing that the Trial Judge approved the verdict (Curran v. State, 157 Tenn. 7, 4 S. W. (2d) 957) and sentenced the De-

fendant, the conviction of guilt is incomplete. Spencer v. State, 125 Tenn. 64, 69, 70, 140 S. W. 597, 38 L. R. A., N. S., 680.

"The only authority to approve the verdict and overrule the first motion for new trial by signing the minutes, was the Judge who heard the evidence and actually tried the case. Dennis v. State, 137 Tenn. 543, 195 S. W. 162; O'Quinn v. Baptist Memorial Hospital, 182 Tenn. 558, 188 S. W. (2d) 346."

In Bernard v. Walker, supra [186 Tenn. 617, 212 S. W. (2d) 602], decided in June, 1948, it was held that where the Chancellor's decree had not been entered and signed, it remained in the breast of the Court and is not binding upon the Chancellor or the parties, the Court saying:

"The oral announcement of the Chancellor and the memorandum of it entered on the motion docket was not action of the Court, which can only be by entry on the minutes and signature of the Chancellor. 'While in this case the chancellor had announced the decree, still none had been entered and signed. It was still in the breast of the court, and there was nothing of binding force in any sense upon the chancellor or the parties. If the chancellor had died or resigned before the enrollment of a decree, the case would have remained on the docket for trial. The law recognizes nothing as an order or decree until it is upon the minutes of the court.' Fraker v. Brazelton, 80 Tenn. 278, 280, 281."

In the comparatively recent case of Hickle v. Irick, supra [42 Tenn. App. 183, 300 S. W. (2d) 54], decided by this court in August, 1956, the facts are similar to the

instant case. There the trial judge died after overruling the motion for a new trial, but before order of judgment was entered, and we held that "a judgment orally pronounced cannot be appealed from, and is not binding on the parties for any purpose." Citing numerous cases.

As may be observed, the statute T. C. A. sec. 17-117 makes no reference to the successor judge as does the following statute, T. C. A. sec. 17-118, (also a part of Chapter 21, Public Act 1945, which provides that where death or insanity of the trial judge occurs "after disposition of the motion for new trial and appeal prayed and granted, but before the expiration of the time allowed for filing the bill of exceptions, the successor judge shall have and possess the power to approve the bill of exceptions in such case if after hearing he shall find that it fairly states the truth of the case. If such successor judge be unable to determine the truth of the case as stated in the bill of exceptions, he shall have power to award a new trial to the losing party."

When the Legislature enacted Chapter 21 Public Acts 1945, it must be assumed that the lawmakers were familiar with the rule that Courts speak only through their minutes; that had the lawmakers intended to modify or change this rule, the Act would have so indicated, as in T. C. A. sec. 17-118. This rule has been the law since 1884, and it is our opinion that T. C. A. sec. 17-117, relied upon by defendants-in-error, did not change the rule; that the pronouncement of the trial judge overruling the motions for a new trial could have no binding force until the order was entered upon the minutes, and that the order subsequently entered by his successor was void.

■ Moreover, decisions long acquiesced in upon which important rights are based, should not be disturbed, in the absence of cogent reasons to the contrary, as it is of the utmost importance that our organic and statute law be of certain meaning and fixed interpretation. State ex rel. Pitts v. Nashville Baseball Club, 127 Tenn. 292, 154 S. W. 1151; Monday v. Millsaps, 197 Tenn. 295, 271 S. W. (2d) 857.

Accordingly, for reasons indicated, the judgments are reversed and the cases are remanded to the Circuit Court of Hamilton County where an order will be entered restoring the cases to the docket for trial as upon continuance.

The costs accruing in this Court will be adjudged against the defendants-in-error.

Reversed and remanded.

McAmis, P. J., and Hale, J., concur.