David WELCH and Charles K. Bialeschki, Appellants,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

April 27, 1977.

Certiorari Denied by Supreme Court Aug. 1, 1977.

J. Stanley Rogers, Rogers & Parsons, Manchester, for appellants.

Brooks McLemore, Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, Charles S. Ramsey, Jr., Dist. Atty. Gen., Manchester, for appellee.

## OPINION

TATUM, Judge.

Appellants entered a guilty plea to an indictment charging each of them with the manufacture of marijuana. Welsh was fined $3,000.00 and sentenced to serve not less than one nor more than five years in the State Penitentiary. Bialeschki was fined $1,000.00 and sentenced to serve not less than one nor more than three years in the Penitentiary.

They appeal from an order of the Trial Judge refusing to consider their Petitions for Suspended Sentences because the appellants were not sentenced to the County Jail or Workhouse and had commenced serving their sentences when the petitions were filed. We must reverse.

The case is before us on the Technical Record only. The judgments of conviction were rendered by virtue of guilty pleas bargained between the State and appellants. Each judgment shows on its face that it was signed and ordered to be entered of record by the Trial Judge on 30 September 1976, and that it was actually entered on the minutes of the court the same day.

The motions for suspended sentences were filed with the Clerk of the Trial Court on 29 September 1976—the day before the judgments of conviction were signed and entered.

The order denying suspended sentences is as follows:

### "ORDER DENYING SUSPENDED SENTENCE

This matter is before the Court on the petition filed herein by each defendant for a suspended sentence. The petition was filed on the 29th day of September, 1976. Each defendant herein was convicted of manufacturing marijuana and judgment was pronounced on their plea

of guilty on September 27, 1976 and the defendants each commenced serving their sentence on that date, although not actually transported to the Penitentiary until later.

The threshold question involved in this matter is whether or not the trial Judge, could, assuming he was so disposed, suspend the sentence imposed against the defendants herein, the judgment having become final. TCA Section 40–2903 provides as follows:

No trial Judge shall have the authority under the provisions of Section 40–2901, to suspend the execution of sentence *after the defendant shall have begun to serve such sentence,* except where the sentence is to confinement in the County Jail or Workhouse for the commission of a misdemeanor or a felony pursuant to Section 40–3105, for a period of time not more than five years, with out [sic] without a fine. In such case, the trial Judge, may, at any time after the defendant has actually served not less than 30 days of such jail or workhouse sentence, suspend the remainder thereof despite the expiration of the term of Court at which such judgment was pronounced or an earlier refusal to suspend in toto such judgment. Nothing herein shall be construed as granting to trial Judges the right to suspend the payment of fines except at the term at which judgment therefor was rendered. [Emphasis supplied]

Thus, it may be seen, that the trial Judge has no authority to suspend a sentence after the defendants shall have begun to serve same, with two exceptions:

1. Where the sentence is to confinement in the County Jail or Workhouse for the commission of a misdemeanor, or,

2. Where the sentence is to confinement in the County Jail or Workhouse for the commission of a felony pursuant to Section 40–3105, for a period of time not more than five years, with or without a fine.

It may be seen from the judgment of conviction entered against the defendants herein that this case falls within neither of the exceptions set forth above; the defendants were not sentenced to confinement in the County Jail or Workhouse for the commission of a misdemeanor and they were not sentenced to the County Jail or Workhouse for the commission of a felony for a period of time not more than five years. The defendants herein were sentenced to the Penitentiary.

Consequently, the undersigned Trial Judge is of the opinion that pursuant to TCA 40–2903, he does not have the authority to suspend the sentence herein.

Accordingly, it is, therefore, ordered, adjudged and decreed by the Court that the application for a suspended sentence filed herein by the defendants, David Welch and Charles Bialeschki be and the same is hereby denied by the Court.

ENTER: This the 14th day of October, 1976.

/S/ Gerald L. Ewell
CIRCUIT JUDGE"

■ By oral pronouncement, the Trial Judge ordered the appellants to commence serving their sentences on September 27. As previously stated, they filed motions for suspended sentences on September 29 and the judgments of conviction were not signed by the Trial Judge, ordered entered of record, or entered of record until 30 September 1976. We think that a petition for a suspended sentenced filed the day before the final judgment is signed and entered of record meets the requirements of T.C.A. § 40–2903.

■ It is axiomatic that judgments are not effective and cannot be executed, until entered on the minutes of the Court. A court speaks only through its minutes. *Ivey v. State,* 210 Tenn. 422, 360 S.W.2d 1 (1962); *Neely v. State,* 210 Tenn. 52, 356

S.W.2d 401 (1962); *Jackson v. Handell,* 46 Tenn.App. 234, 327 S.W.2d 55 (1959); *Mullen v. State,* 164 Tenn. 523, 51 S.W.2d 497 (1932).

The appellants were serving their sentence only by virtue of the judgments of conviction entered on the minutes of the Court. They commenced serving the sentences before the judgments were effective or could be lawfully executed. We, therefore, hold that T.C.A. § 40–2903 did not preclude the Trial Judge from considering the applications for suspended sentences on their merits. Since the petitions for suspended sentences were filed prior to the date of the final judgments of conviction, the provisions of T.C.A. § 40–2902, directing that the judgment and suspension of sentence be in the same minute entry, could have been complied with.

T.C.A. § 16–106 contemplates that a judgment shall be entered on the day it is pronounced. This statute is directory only. *State v. Hardin,* 163 Tenn. 471, 43 S.W.2d 924 (1931). However, the failure to comply with it delays execution of the judgment.

For the foregoing reasons, we hold that the Trial Judge did have authority to consider appellants' petitions for suspended sentences on their merits.

The State relies on *Becton v. State,* 506 S.W.2d 137, 140 (Tenn.1974). The facts in that case are not applicable to the facts in the case *sub judice.*

The appellants also contend that T.C.A. § 40–2903 is unconstitutional as violative of Amendment XIV, United States Constitution. In view of our disposition of this case, this question is moot. However, the Statute was held to be constitutional by the Supreme Court in *Becton v. State, supra.*

We reverse the judgment of the Trial Court on the appellants' petitions for suspended sentences and remand the case with the instruction that the Trial Judge consider the petitions on their merits.

WALKER, P. J., and DWYER, J., concur.