NicholsoN, C. J.,
delivered the opinion of the court.
At the last term of this court this cause was remanded to the Circuit Court of Knox county, that a deposition, which appeared by the bill of exceptions to be lost, might be supplied. The Circuit Court proceeded to order the lost paper to be' supplied by retaking the deposition of the witness upon regular notice. The witness was asked to “state the substance of her former deposition, giving as nearly as possible the exact language of the same.” Her answer was written down, when, in answer to the question, “whether she remembered anything further of the substance of the former deposition, or whether she had answered fully to the best of her recollection,” she said: “This is all that I recollect.”
The deposition was regularly signed, sworn to, certified, and returned to the Circuit Court. It was thereupon adopted by the Circuit Judge as supplying the lost deposition, and the transcript of the proceedings, together with the deposition, is sent to this court, to constitute part of the record of the cause here.
A motion is now made to strike the cause from the docket, upon the ground that when the cause was remanded at the last term, it was so far disposed of as no longer to constitute a cause pending in this court, and therefore it could only be restored to the *322 docket here by appeal or writ of error after tbe proceeding in tbe Circuit Court to supply the lost deposition. This motion is not well taken. The order remanding the cause was made under s. 3170 of the Code. The legal effect of that order was not to dispose of the cause or displace it from the docket of this court, but to retain it suspended in this court until the order remanding it should be complied with, and the lost deposition be supplied and transmitted to this court. The proceedings in the Circuit Court were in all respects regular and in compliance with the order remanding the cause. The supplied deposition being now part of the record, the cause stands regularly for trial.
Upon examination of the record, we find that the plaintiff below sued John Cox and wife (Malinda Cox) and others, for $10,000, as damages for taking and carrying away a large amount of personal property, and also for wilfully and illegally assaulting him, or causing him to be assaulted, with guns and pistols, driving him from home, and compelling him to remain away for two years.
The defendants put in three pleas — not guilty, statute of limitations of three years, and the statute of limitations of one year.
The plaintiff demurred to the second and third pleas, and for cause of demurrer states that the statutes of limitation were suspended by a convention of the people of the State from the 1st of April, 1861, and therefore, etc.
Upon argument of the demurrer to the second and *323 third pleas of defendants, the court held that the demurrer was well taken, and sustained the same.
The parties went to trial on the general issue, when a judgment was rendered for the plaintiff for $1,666.66$, from which defendants appealed in error to this court.
"Various errors are relied on for a reversal of the judgment, but we deem it unnecessary to notice any other than that which is assigned upon the action of the court in sustaining the demurrer to the statutes of limitations, and that assigned upon the refusal of the court to grant a new trial for misconduct of jurors.
1. Upon looking to the evidence in the bill of exceptions, it is probable that the statutes of limitations would have constituted a valid and available defense if defendants had been allowed to rely on their pleas. It was error in the court to deprive them of this defense by sustaining the demurrer: Girdner v. Stephens, 1 Heis., 280.
On the motion for a new trial, one of the defendants made affidavit that after the evidence was closed, and the cause was submitted to the jury, and before the jury returned their verdict, the plaintiff took two of the jurors, upon two different occasions, into the saloon of William McCampbell, and there treated the said two jurors. He then gave the name of one of the jurrors, and stated that he did not know the name of the other, etc. No explanation is given of this most reprehensible .conduct, either by the plaintiff, the jurors, or McCampbell. We are authorized, therefore, to assume that the facts were correctly stated *324 by the affidavit. In the case of Davidson v. Manlove, 2 Col., 346, this court held that the fact the defendant in the suit was seen in close conversation with one of the jurors while the jury had the cause under consideration, if unexplained, is sufficient to authorize the granting of a new trial, and subjecting the party to punishment for contempt. In the case of Sexton v. Lelievrre, 4 Col., 11, the court set aside the verdict, because after the cause was given to the jury the defendant and part of the jury passed down the back way to a saloon, and in a short time they returned and rendered a verdict in his favor. These cases are conclusive of the question under consideration. Jury trial is worse than a farce, if such corrupt practices are tolerated by allowing verdicts so procured to stand.
For the errors indicated the judgment will be reversed.