# BRANNAN v. CUNNINGHAM et al.—191 S. W. (2d) 446.

Middle Section.   October 27, 1945.

Petition for Certiorari denied by Supreme Court, January 11, 1946.

Frank Davenport, of McMinnville, for appellant.

Jeff D. Fults, of Tracy City, for appellee.

HOWELL, J. This bill was filed by Mrs. Mary A. E. Brannan against James Cunningham and others and alleges that the complainant is the owner of a tract of land in Grundy County, Tennessee, containing 150 acres and that she had enjoyed the possession of this land until recently when the defendant James Cunningham and others began to commit waste upon same by cutting valuable timber thereon without her permission. The bill prayed for an injunction restraining the defendant James Cunningham, his servants and agents, from thus continuing waste upon her land and for a decree against the defendants for the damage done and for an attachment of the trees cut and the lumber made therefrom.

The defendants filed answers and denied that complainant was entitled to recover for any timber cut and

the defendants Jesse Durham, E. L. Cordell and J. A. Cordell disclaimed any interest in the land described in the bill. The defendants R. R. Banks and James Cunningham disclaimed any interest in the lands except in two small tracts described in their answer. Upon the hearing the Chancellor found in favor of the complainant and held that she was the owner of the land in controversy and entitled to its possession and the injunction enjoining the defendants from trespassing was made perpetual. A reference was ordered directing the Clerk and Master to report on the damage done.

The defendant R. R. Banks prayed an appeal from this decree which was granted.

Assignments of error have been filed.

This cause was tried at the November Term of the Chancery Court of Grundy County and on November 12, 1943, a memorandum opinion was filed by the Chancellor. A decree thereon was entered on January 24, 1944. On December 9, 1943, an order was entered allowing the defendants sixty days from that date to file a petition for a rehearing and on February 24, 1944, another order was entered extending the time in which defendants might file such a petition to March 15, 1944. A petition to rehear was filed on March 13, 1944. The complainants excepted to the petition to rehear because the final decree was entered on January 24, 1944, and granted the defendants thirty days in which to perfect an appeal and because the order entered on December 11, 1943, allowing sixty days to file such petition had expired before the petition was filed on March 13, 1944, and the order entered on February 24, 1944, granting the defendants until March 15, 1944, to file such petition was void as it was entered more than thirty days after the entry of the decree on January 24, 1944. The petition to rehear was also excepted to

because it did not allege any mistake of law and the defendants knew or could have known of the additional facts set up before the hearing in November 1943 and had not shown proper diligence in the preparation of the case for trial.

The Chancellor denied and dismissed the petition to rehear, holding that it had not been filed at the proper time and also that no good reason was shown as to why the proposed proof was not produced and filed at the hearing and reasonable diligence on the part of the defendants did not appear.

The case was heard on the petition to rehear on May 10, 1944, and decree entered thereon on June 30, 1944. To this decree dismissing the petition to rehear the defendants excepted, prayed and was granted an appeal. The transcript shows that the appeal bond was filed in the office of the Clerk and Master on October 30, 1944. The record therefore appears in this Court as upon a writ of error from the Chancery Court of Grundy County.

The assignments of error raise only questions of fact as to the merits of the case. It is insisted that the complainant does not locate the land correctly and did not deraign title thereto. The Chancellor found these facts as follows:

"Complainant deraigns good title to the land by her from the State, being a part of Grant No. 10,411 issued by the State of Tennessee to Davidson and Jackson Tate.

"By the greater weight of the proof, the Court is of the opinion and finds that complainant established the beginning corner of said grant, being a double white oak standing on the north side of middle fork of Collins River and on the west side of Jonanthan's Creek.

"Complainant's land, according to the proof, begins at a point, being a white oak south 75 east 105 poles from

the beginning corner of said grant, then continuing as shown by figures (1) to (10) as shown by red figures in circles on the map, exhibit No. 5 to the deposition of J. T. Brannan.

"Complainant's north, or northwest line runs from the beinning corner north 40 east passing through the land claimed by defendant Banks. This line is referred to in the record as the N. C. & St. L. Ry., line.

"The lands south and east above referred to are covered by and included in complainant's boundary of title, and complainant's title is older than the title of defendant Banks, and is exclusive thereof.

"Defendant Banks' grantor, Jesse Durham, had no title to the lands south or south-east of said Railway line, as shown by the proof, and his conveyance to defendant Banks did not carry title superior to that of complainant, and the defendant Banks cannot recover under his title, unless the same had been perfected by possession.

"In order to perfect title by possession there must be seven years actual, exclusive, adverse possession of the land claimed under a recorded assurance of title, purporting to convey an estate in fee. Code, Section 8582 and notes thereunder in Williams' Annotations.

"Defendant Banks' deed from Durham having been executed in 1938, he has not had, according to the proof, the necessary possession under a recorded deed purporting to convey an estate in fee for the necessary required time, and the proof does not show that his predecessors in title had any possession or claim of title to the land conveyed.

"Upon the entire record, and from all the legal proof the Court finds that complainant is entitled to the lands embraced in her deed and in the boundary referred to above, and she is also entitled to a reference for damages

for timber cut, as prayed in her bill, together with all the costs of the cause."

■ We have carefully examined all the proof and checked as far as possible the descriptions with the testimony and the plats filed as exhibits and find that the weight of the evidence is in favor of the facts as found by the Chancellor and we therefore concur therein. Having found the facts as to the proper description of the land and the cutting of the timber in favor of the complainant the Chancellor properly ordered a reference upon the amount of the damage done by the unlawful cutting of the timber.

■ We also see no error in the action of the Chancellor in denying the petition to rehear. The counsel who filed the petition to rehear was not of counsel upon the trial of the case and there is no satisfactory explanation as to why the evidence sought to be introduced by the petition to rehear was not procured before the hearing. Proper diligence was not exercised. One of the parties whose testimony is offered in the petition to rehear was examined and his deposition used upon the trial. No effort is made to explain or show to the Court why the proof sought to be relied upon was not or could not have been produced upon the trial of the case. See Kelley v. McKinney, 73 Tenn. 164 and many other cases.

The Chancellor did not abuse his discretion in denying the petition to rehear presuming that it was properly filed.

■ We agree with the Chancellor however that the petition to rehear was not filed in the time allowed by law. It was filed on March 13, 1944. As above set out the decree was entered on January 24, 1944. The time allowed by the order granting sixty days to file petition made on December 11, 1943, had expired before the peti-

tion was filed. It is noted that this order was entered before the decree on January 24, 1944. The order extending the time for such filing to March 15, 1944, was not entered until more than thirty days had elapsed from January 24, 1944, and was therefore not valid.

Many authorities might be cited to the effect that a petition to rehear must be filed within thirty days from the entry of the decree as the Court loses control of its decrees after thirty days elapse.

Section 9047 of the Code is as follows: "Time is allowed for appealing and giving appeal bond, or to take the pauper's oath.—When an appeal or appeal in the nature of a writ of error is prayed from a judgment or decree of an inferior court to the court of appeals or supreme cout, the appeal shall be prayed and appeal bond shall be executed or the pauper oath taken within thirty days from the judgment or decree, if the court holds so long, otherwise before the adjournment of the court, but for satisfactory reasons shown by affidavit or otherwise, and upon application made within the thirty days, the court may extend the time to give bond or take the oath in term or after adjournment of the court, but in no case more than thirty days additional."

A petition to rehear is treated in a Chancery Court as a motion for a new trial and must be filed within thirty days from the date of the decree. See Wright v. Dorman, 155 Tenn. 189-194, 291 S. W. 1064; England v. Young, 155 Tenn. 506, 296 S. W. 14, and many other cases.

We are presented with a motion by the appellee, the complainant, to strike the petition for a rehearing and an affidavit in support thereof and exhibit thereto from the transcript and in view of our conclusions heretofore expressed do not deem it necessary to act upon this motion.

It results that the assignments of error are overruled and the decree of the Chancellor affirmed.

The cause will be remanded to the Chancery Court of Grundy County for further proceedings.

The appellant and the sureties on the appeal bond will pay the costs of the appeal.

Affirmed and remanded.

Felts and Hickerson, JJ., concur.