## MARGARET JACOBS HARLIB v. ABRAHAM HARLIB. —312 S. W. (2d) 478.

Middle Section. March 4, 1958.

Certiorari denied by Supreme Court May 2, 1958.

Weldon B. White, Nashville, for complainant.

G. H. Russell, Nashville, for defendant.

SHRIVER, J. This cause is before us on the motion of appellee, Margaret Jacobs Harlib, to dismiss the appeal because appellant has not filed a bill of exceptions, and the time for filing same has expired.

We will treat the motion as one to affirm the judgment of the trial court.

Since the motion was argued orally, we have examined the record, including the twenty-four assignments of error and the supporting brief and argument.

It appears that no bill of exceptions was preserved. Thus, it was impossible for the present attorney to comply with the rules and statutes requiring the preservation of oral evidence in a bill of exceptions and the filing of same in this Court as a prerequisite to a review here of a judgment below involving the facts.

It is not the fault of appellant's present counsel, Mr. G. H. Russell, that this record is in this condition, since he was not employed until after most of the proceedings below had occurred.

We are compelled to grant the motion to affirm because it is manifest that each of the assignments involves a consideration of the facts on which the trial judge acted.

None of the relief sought here can be granted on the technical record alone. If it could, the motion would be denied.

As was said in Fletcher v. Russell, 27 Tenn. App. 44, 177 S. W. (2d) 854: "The statute requiring bill of exceptions to be signed and filed within time allowed by order not to exceed 60 days from and after adjournment

of court is mandatory. Code 1932, sec. 8820 [27-110, 27-111, T. C. A.]. * * * Where evidence was not before Court of Appeals, court was required to conclusively presume that decree of chancellor was sustained by evidence. * * *''

It results that the judgment of the trial court is affirmed at the cost of appellant and his surety and the cause is remanded to the trial court for such other and further proceedings as may be necessary or proper in the premises.

Felts, P. J., and Hickerson, J., concur.