James Peyton **LESTER**, Jr., a minor, b/n/f Mrs. Annie E. Lester, Plaintiff-Appellant,

v.

H. E. **ATHERTON** and Baptist Memorial Hospital, Defendants-Appellants.

Court of Appeals of Tennessee, Western Section.

Dec. 13, 1971.

Certiorari Denied by Supreme Court

Aug. 7, 1972.

James F. Schaeffer, Memphis, for plaintiff-appellant, James Peyton Lester, Jr.

Robert L. Green, Memphis, for defendant-appellant, Baptist Memorial Hospital.

PER CURIAM.

The question is whether or not an appeal has been properly perfected to this Court.

The trial below was of several days duration before a jury. A mistrial resulted as the jury was unable to reach a verdict.

The suit was based on the alleged negligence of the attending physician and the hospital at the birth of the plaintiff, allegedly causing serious injuries to the plaintiff. The alleged acts of negligence took

place approximately twenty years prior to the filing of the suit.

After mistrial, the technical record reflects the following: (1) Defendant Atherton moved for a new trial on the grounds that the Court erred in not granting his motion for a directed verdict in his favor at the close of all the proof. (2) Plaintiff moved for a voluntary nonsuit as to Dr. Atherton and moved for a new trial as to the defendant Baptist Memorial Hospital which motion for a new trial recites, *inter alia*, "The Court erred as a matter of law in sustaining the Motion for a Directed Verdict of the Baptist Memorial Hospital * * *". (3) The Trial Judge overruled the Atherton motion for a new trial and granted plaintiff's motion to nonsuit as to Atherton, but overruled plaintiff's motion for a new trial as to the defendant hospital.

It would appear that the result of the Court's action is plaintiff has been allowed to take a nonsuit as to defendant Atherton, but plaintiff's suit against defendant Baptist Memorial Hospital has been dismissed.

■ Both the defendant Atherton and the plaintiff prayed an appeal from the orders of the Court. However, we have concluded that Atherton has abandoned his appeal as no attempt was made by him to file a Bill of Exceptions or assign any error to this Court.

The plaintiff filed with the Court below an abridged Bill of Exceptions which was objected to by counsel for defendant hospital. The defendant hospital has appealed from the order of the Trial Judge in signing the abridged Bill of Exceptions.

After the plaintiff filed Assignments of Error in this Court, the defendant hospital countered with a "Motion to Strike Bill of Exceptions and Dismiss Appeal". The motion to strike alleged that the motion for a new trial was overruled on April 20, 1970, according to the Court's minutes, and that the Bill of Exceptions was signed on July 27, 1970, or ninety-eight days after the motion was overruled. The motion further

alleged that the Bill of Exceptions, forwarded to this Court as part of the record in this cause, did not contain any of the testimony or exhibits introduced at the trial of this case.

The plaintiff responded to the motion by alleging that the motion for a new trial was overruled on April 27, 1970, and not on April 20, 1970, and attached to the response a photostatic copy of the order overruling the motion for a new trial, certified by the Circuit Court Clerk of Shelby County, Tennessee, and bearing the signature of the Trial Judge and the date of April 27, 1970. The response alleged that the minute entry date of April 20, 1970, was purely and entirely a scrivener's error on the part of the Clerk of the Trial Court. To that portion of the motion to strike alleging that the record did not contain any of the testimony or exhibits introduced at the trial, plaintiff responded with a "Motion Suggesting Diminution of Record". The basis for the motion was that the Bill of Exceptions was timely filed on July 27, 1970, within the time allowed by the Court and with the filing stamp of the Clerk noted thereon, but pending appeal the transcript was withdrawn for use in Brief preparation by counsel for appellant, and was, inadvertently, not returned to the Clerk of the Trial Court prior to the time the Clerk of the Trial Court transmitted the record to this Court.

On January 11, 1971, this Court heard arguments on the various motions presented and ordered as follows:

(1) The motion suggesting diminution of the record be granted and the Clerk of the Ciruit Court of Shelby County directed to file in this Court the remainder of the record which had not been forwarded to this Court.

(2) A remand to the Circuit Court of Shelby County for such correction of apparent error or conflicting dates as appear of record as contemplated by T.C.A. 20–1512 and 20–1513.

(3) The motion to dismiss the appeal be held in abeyance by this Court until the return of the record to this Court subsequent to the action contemplated by (1) and (2) above.

On the remand to correct error or conflicting dates, the Trial Court found and ordered as follows:

" * * * That on April 20, 1970, this Court heard argument on the plaintiff's motion for a new trial and on his motion for leave to take a voluntary nonsuit as to the defendant, Dr. H. E. Atherton; that on April 20, 1970, the Court, without equivocation, overruled plaintiff's motion for a new trial against the Baptist Memorial Hospital and unequivocally granted the motion to take a voluntary non-suit as to Dr. H. E. Atherton.

That on April 27, 1970, this Court signed its order on the aforesaid motions, said order having been drafted by counsel for the plaintiff and bearing the signature of counsel for all parties.

That said Order presented to the Court on April 27, 1970 had the date April 27, 1970 typed on the Order and the said date was not stricken by the Court.

That counsel for the plaintiff presented the aforesaid Order to one of the Deputy Clerks of this Court for filing in the cause and secured an exact copy thereof duly attested by the said Deputy Clerk.

That the Minute Clerk for this Court, after checking this Court's blotter entry for April 20, 1970, determined that the ruling on the plaintiff's motions had occurred on April 20, 1970 and changed the date on the Order submitted to make it conform with the date the Court overruled said motion for a new trial.

That the Minute Clerk typed the official minutes of this Court reflecting the Court's decision on said motions on April 20, 1970 and said official minute entry was signed by the Court and dated April 20, 1970.

That counsel for the plaintiff was not informed by the Clerk or by this Court of the change of date on the written order or of the date of the official minute entry reflecting the Court's Order on the plaintiffs' motions.

That the Order signed by the Court should, under the Rules of the Circuit Court of Shelby County, have been presented for entry within five days and should have been undated.

That the date of April 27, 1970, which was a typed part of said Order, should have been scratched out by the Court; that this Court made an error in not scratching said date from the Order before signing it.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this Court's official minute entry overruling the plaintiff's motion for a new trial as to the defendant, Baptist Memorial Hospital, on April 20, 1970 will not be changed or altered.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if counsel for the plaintiff was misled by having in his possession an attested copy of the Court's Order bearing the date April 27, 1970, the Court of Appeals, in its discretion, may consider the Bill of Exceptions as having been timely filed."

Pursuant to the orders of this Court, the remainder of the record of the trial has been forwarded to this Court by the Clerk of the Trial Court, as well as a Bill of Exceptions containing all the testimony that transpired before the Trial Judge on plaintiff's "Motion to Correct Errors in the Trial Court" which was heard on remand. The plaintiff-appellant has appealed from the foregoing order of the Trial Court as entered on the order of remand for correction of the minutes of that court.

■ Upon a remand to the Trial Court for additional proceedings as ordered by this Court on January 11, 1971, we hold either party dissatisfied with the action of the Trial Judge under the order of remand may assign error in this Court without the necessity of perfecting an appeal or an appeal in the nature of a writ of error. See and compare: Mynatt v. Hubbs (1871) 53 Tenn. 320. When either party takes exception to the action of the Trial Court on remand, that issue will be first disposed of by this Court so that the matter may be settled as to just what is before this Court. After this Court has acted on the exceptions to the order on remand, it may or may not be necessary to then consider the issues raised on appeal and cross-appeal.

■ We note that the Trial Judge has left the matter of the timely filing of the Bill of Exceptions to our discretion. On occasions, it has been the fervent wish of this Court that we had some discretion regarding the timely filing of a Bill of Exceptions. However, our research indicates that in civil matters the Appellate Courts have no such discretion as that indicated by the Trial Judge in his order. The requirements of T.C.A. 27–111 are not discretionary with this Court, but are mandatory and, if not strictly complied with, a Bill of Exceptions cannot be considered on appeal. Harlib v. Harlib (1958) 44 Tenn. App. 80, 312 S.W.2d 478; Sims v. State (1969) 1 Tenn.Cr.App. 623, 448 S.W.2d 93.

■ It is apparent that on April 20, 1970, the Trial Court verbally overruled the plaintiff-appellant's motion for a new trial. A verbal judgment cannot be appealed from. Hickle v. Irick (1956) 42 Tenn.App. 183, 300 S.W.2d 54.

It is further apparent the written judgment overruling plaintiff-appellant's motion for a new trial was signed by the Trial Judge on April 27, 1970. Under the local court rules the judgment submitted to the Trial Judge should not have been dated. The Trial Judge, however, signed the judgment bearing the date of April 27, 1970, and honestly admits he erred in not eliminating that date. The plaintiff-appellant obtained a certified copy of the judgment on April 27, 1970, the date it, was signed and filed. The minute clerk later changed the date on the judgment from April 27, 1970, to April 20, 1970, so as to correspond with the blotter of the Trial Judge as to the date the motion for a new trial was heard. Neither the Trial Judge nor the attorney for plaintiff-appellant were notified of this change of date on the judgment.

The plaintiff-appellant filed his Bill of Exceptions within the time allowed by law, if the date of the written judgment is April 27, 1970; he did not file within the time allowed if the date of the written judgment is April 20, 1970.

■ The Trial Judge in his order on remand refused to make any correction of the minutes of his Court concerning the date of the written judgment overruling the plaintiff-appellant's motion for a new trial. A Trial Court speaks only through its minutes. Jackson v. Jarratt (1932) 165 Tenn. 76, 52 S.W.2d 137. This Court has no authority to amend or alter the minutes of a Trial Court. We must therefore conclude there is no Bill of Exceptions in this Court; and there is no way to now perfect a Bill of Exceptions to this Court.

Even though we cannot correct the minutes of the Trial Court, we can, on appeal by the plaintiff-appellant from the order of the Trial Court refusing to correct, review the action of that Court in refusing to correct its minutes.

■ Either party to an action tried by a jury in the Circuit or Chancery Courts may pray an appeal in the nature of a writ of error. T.C.A. 27–308. We hold any action by the Circuit or Chancery Courts which affirmatively denies this right of review cannot be upheld. We further conclude that where, as here, a litigant relies upon an order duly signed by a Trial

**732**

Judge, and that order is illegally altered, changed or back-dated in such manner as to result in the loss of the right that litigant has to a review, it is the duty of this Court on review to place the parties, as nearly as possible, back to their position prior to the illegal act complained of. The illegal act which resulted in the loss of the right of review was the material alteration of the Court's order by the minute clerk in changing the date thereof without authority or notice to anyone.

As heretofore noted, we cannot correct this error in any manner so as to bring to this Court a Bill of Exceptions. For reasons herein pointed out, we hold the plaintiff-appellant, through no fault on his part, has been denied his right of review. We therefore conclude justice demands we sustain the plaintiff-appellant's exception to the order of the Trial Judge entered on order of remand in this cause, and we grant the plaintiff-appellant a new trial.

■ The defendant-appellant on appeal attacks the Bill of Exceptions as filed in this Court as being insufficient for various reasons. We have heretofore held there is no Bill of Exceptions in this Court; and any complaint the defendant-appellant may have otherwise had to such an instrument, had same been before us, does not present a justiciable issue. All assignments filed by the defendant-appellant are therefore overruled.

It appears from the technical record that the Trial Court sustained a motion of the plaintiff-appellant to take a nonsuit as to defendant Atherton. No appeal was perfected by that defendant from that order. We therefore affirm the order of nonsuit as to that defendant.

The accumulated cost to date in the Trial Court and in this Court is adjudged one-half against the plaintiff-appellant, and one-half against the defendant-appellant Baptist Memorial Hospital. The cost of the new trial ordered shall abide the orders of the Trial Court.