**GREEN MEADOW PARK INC. et al., Appellants,**

v.

**AMERICAN HERITAGE LIFE INSURANCE COMPANY, Appellee.**

Court of Appeals of ·Tennessee, Western Section.

June 3, 1976.

Certiorari Denied by Supreme Court Aug. 16, 1976.

Francis W. Headman, Knoxville, for Green Meadow Park.

Joe C. Gamble, Maryville, for Bank of Maryville, for appellants.

John A. Walker, Jr., Knoxville, for appellee.

NEARN, Judge.

The principal question below was whether or not defendant American Heritage Life was obligated to fund or loan to plaintiff Green Meadow Park, Inc. the remaining unloaned balance of $75,000 of an original loan commitment of $400,000. The Chancellor held, *inter alia,* that the defendant Heritage was not so obligated, and the plaintiff Green Meadow has appealed. The Bank of Maryville, another named plaintiff also appealed, but it is admitted that its rights are derivative and it can prevail only if Green Meadows prevails. Therefore, only the rights of Green Meadows will be discussed.

This matter was heard without intervention of a jury.

Before discussing the merits of the appeal we must first consider the motions of Heritage to (1) dismiss the appeal because of improper appeal bond and (2) strike the Bill of Exceptions because of untimely filing.

On the issue of the appeal bond, counsel for appellee insists that the appeal bond should have been for "the whole debt, damages, and costs," as required by T.C.A. § 27–315. It is also insisted that even if the cost bond that has been filed is considered sufficient, that bond was not timely filed as required by T.C.A. § 27–312.

■ This suit was in the nature of one for a declaratory judgment, i. e., for an ascertainment of the rights and obligations under various written instruments or contracts executed by the parties. No judgment for a dollar amount was entered by the Court below. The order sets out the rights of the parties and the amounts due under various instruments to bring them current, but no judgment for which execution may issue is given. T.C.A. § 27–315 is applicable to those cases specified therein where a money judgment subject to execution is given; thus, the statute does not apply here.

■ The late filing of an appeal bond does not deny the tardy a right of review. The matter may be reviewed as on writ of error. See *Ward v. North American Rayon Corporation* (1963) 211 Tenn. 535, 366 S.W.2d 134.

■ A party is entitled to a writ of error as a matter of right, if timely filed. *Cockrill v. Peoples Savings Bank* (1927) 155 Tenn. 342, 293 S.W. 996; T.C.A. § 27–601. This matter has reached this Court within the time allowed to file a writ of error. We see nothing to be gained by a dismissal of this appeal and requiring the appellant to formally re-file this appeal as a petition for writ of error. The matter is here and we are requested to review as on writ of error; we will do so.

■ However, whether the matter is before us on simple appeal, appeal in the

nature of a writ of error, or on writ of error, if reliance is to be made on the contents of a Bill of Exceptions, that Bill of Exceptions must be filed in accordance with T.C.A. § 27–111.

On February 25, 1975, the Chancellor filed his memorandum opinion which provided that Heritage was not obligated to loan to the plaintiff the remaining $75,000 of the $400,000 commitment. On March 18, 1975, an order was signed by the Chancellor and entered based on the memorandum opinion that provided "the plaintiffs are hereby granted 90 days from the entry of this judgment within which to file a bill of exceptions." On April 3, 1975, the plaintiff filed a motion for a new trial. On July 9, 1975, the Trial Judge granted in part the motion for a new trial by modifying in part the judgment of March 18, 1975. That part modified was a relatively minor part of the previous order. As to the remainder of the order of March 18, 1975, the Trial Judge overruled the motion for a new trial. The July 9, 1975, order provided:

"To the foregoing action, in overruling the other matters contained in the plaintiffs' motion for a new trial, the plaintiffs excepted and now except and pray an appeal to the next term of the Court of Appeals at Knoxville, which appeal is granted upon the plaintiffs executing appropriate appeal bond and the plaintiffs are given thirty (30) days from date hereof within which to prepare, tender, settle and file their Bill of Exceptions."

On September 10, 1975, two things were done. A Bill of Exceptions approved by the parties was filed with the Clerk, and a written motion for relief from judgment was filed by counsel for Green Meadow. On September 30, 1975, an order on the motion for relief was filed which provided as follows:

"In this case, through oversight, it appears that the time for filing the Bill of Exceptions was limited to thirty (30) days which was in error, the court having allowed ninety (90) days for filing said Bill of Exceptions, IT IS, THEREFORE, ORDERED that the prior order of this court entered July 8, 1975, be amended and corrected to show that the plaintiffs were granted ninety (90) days from said date within which to file their Bill of Exceptions.

"This Order is entered Nunc Pro Tunc as of July 8, 1975, this September *29*, 1975."

■ Under prior procedural rules, a motion for a new trial was unknown to Chancery practice. The proper procedure was to file a petition for a rehearing when a reconsideration of the matter by the Chancellor was sought. See, e. g., *Brannan v. Cunningham* (1945 M.S.) 28 Tenn.App. 465, 191 S.W.2d 446; Gibson's Suits in Chancery (5th ed.) §§ 1279 et seq. Since the adoption of the new rules the petition for a rehearing has been abolished and in lieu thereof has been substituted the motion for a new trial. Rule 59 Tennessee Rules of Civil Procedure. A motion for a new trial is not a prerequisite for appellate review in non-jury cases. T.C.A. § 27–303; *American Insurance Company v. Taylor* (1962 M.S.) 51 Tenn.App. 325, 367 S.W.2d 300. However, when filed it has had the same effect in both jury and non-jury cases; it "suspended the judgment and preserved the Trial Judge's jurisdiction until he disposed of the motion; and when he overruled it he could then grant an appeal or an appeal in error and allow time for perfecting it and for filing a bill of exceptions, for these purposes the judgment being regarded as entered at the time of overruling the motion for a new trial." *Ragsdale v. Hill* (1954 M.S.) 37 Tenn.App. 671, 269 S.W.2d 911; T.C.A. §§ 27–110–112, 27–312.

Since both the order of March 18, 1975, and the order overruling the motion for a new trial are appealed from, the appeal should be considered as a broad one; but even if it were not so, such fine distinction is moot when the matter is accepted as on writ of error. *Ragsdale v. Hill,* supra.

Since the date of the order overruling the motion for a new trial, July 9, 1975, is to be considered the date of judgment, *Ragsdale v. Hill,* supra, the procedural question remaining is whether the Trial Court may

correct an error in that order regarding the time allowed for filing a Bill of Exceptions.

■ As we interpret Rule 60.01 the Trial Court may do so, so long as it is an error that is being corrected and not an extension of time being given. T.C.A. § 27–111 provides that any extension of time for that initially given for filing a Bill of Exceptions *must* be granted within 30 days from the original granting. Any order of extension granted thereafter is void. *Norris v. Richards* (1958 M.S.) 45 Tenn.App. 100, 320 S.W.2d 730. However, in this case the Trial Judge has stated that he allowed 90 days for the filing of a Bill of Exceptions when the motion for a new trial was in part granted and in part denied, but from oversight the order was entered using the number 30 instead of 90 for the days he had allowed. We must accept the word of the Trial Judge that there was error in the content of the order and that such order did not recite his ruling. Compare *Lester v. Atherton* (1971 Tenn.App., W.S.) 483 S.W.2d 727. Rule 60.01 states that such errors in judgments may be corrected at any time prior to the docketing of the case in an appellate court and even subsequent to appeal with permission of the appellate court.

■ The order of September 30, 1975, correcting the error in the July 9, 1975, order was properly entered nunc pro tunc which allowed no more than the statutory maximum of 90 days from the entry of the order which occasioned the filing of the Bill of Exceptions, which order was the order of July 9, 1975, overruling the motion for a new trial. The Bill of Exceptions was filed within that period. So, even though the Bill of Exceptions was physically lodged almost six months after the order dated March 18, 1975, it was nonetheless lodged within the 90 day period set out in T.C.A. § 27–111.

Appellee's motions are overruled.

In February 1972 Green Meadows sought a $400,000 loan from Heritage. Negotiations were had at the time the loan was sought and made. A commercial type structure was in the process of being built on the Green Meadows property at that time. The Green Meadows property consisted of a mobile home park with 180 mobile home sites with concrete pads, recreation area with swimming pool, tennis courts and play area and the commercial building under construction. In March 1972, Green Meadows executed a note in the amount of $400,000 and a trust deed conveying the real property as security for the note. Numerous other documents were also executed at the same time. Among them was one headed "Loan Agreement". This agreement acknowledged receipt of the $400,000 by Green Meadows and the return of same to Heritage to be re-disbursed to Green Meadows upon certain conditions. Paragraph three of the agreement set out a number of the requirements such as a valid title policy, survey, etc., including an architect's certificate that the commercial building could be completed for no more than $75,000. Paragraph four required Green Meadows to complete the commercial building in accordance with the specifications attached to the agreement as Exhibit 2 within 180 days. Further on in the agreement it provided that when the requirements of Paragraph three were met, the sum of $325,000 would be disbursed to Green Meadows. The balance of the $400,-000 was to be disbursed to Green Meadows upon Heritage receiving an architect's certificate that the commercial structure had been completed according to the plans and specifications of Exhibit 2, and proof that there was no mechanic's lien and that the building could be occupied and used for the purposes contemplated.

The conditions for the disbursement of the $325,000 were met and that amount disbursed by Heritage to Green Meadow.

In April 1972 Green Meadows secured a temporary construction loan from the Bank of Maryville for $75,000 to complete the commercial building, but before the Bank would loan the temporary construction money, it required that Heritage subordinate its mortgage to the Bank's on the "commercial building" portion of the property. This Heritage did.

In July 1973, after the completion of the "commercial building", Green Meadows sought the remaining $75,000. Heritage refused to disburse on the grounds that Green Meadows had not met the requirements of the loan agreement. This suit is the result of that refusal.

The first Assignment of Error is to the effect that the Trial Judge erred in finding that Heritage was not required to disburse the remaining $75,000. We do not find that the evidence preponderates against the Trial Judge's finding that Green Meadows breached its agreement. Exhibit 2 of the Loan Agreement showed that the "commercial building" was to be constructed for use as a beauty shop, grocery store, barber shop and hardware store. The building was not so used nor constructed. The building was occupied by a metal processing plant, a steel fabricator and warehouse and a pet food distributor. The building was not insulated as required by the plans. The outside material was not as provided by the plans. The parking area was not paved nor was there a concrete sidewalk as required by the plans. In addition, the building was not completed in the 180 days agreed upon. Since the evidence does not preponderate against the factual finding of a breach of the agreement by Green Meadows, there was no error in holding that Heritage was not required to disburse the remaining $75,000.

By the second Assignment of Error counsel faults the Trial Judge for the manner in which he attempted to do equity between the parties. The note as executed by Green Meadows was in the amount of $400,000 and provided for a monthly amortized repayment completed on that amount for 187 months. Since the Court's holding in effect reduced the face amount owed by Green Meadows to Heritage to $325,000, the Court ordered that payments be made on a monthly amortized basis of $325,000 for 187 months. Heritage does not complain, but Green Meadows complains that the Trial Judge did not take into consideration interest previously paid when fixing the date of the first payment due, August 1, 1973, and is thereby requiring Green Meadows to pay double interest.

In our opinion the Trial Judge acted properly, and we find the Court did take into consideration interest previously paid. There is no "double" payment of interest. The second Assignment of Error is overruled.

The third Assignment of Error argues that the Trial Judge erred in permitting Heritage to retain its mortgage on the commercial building when it had not advanced the $75,000 for its construction. This argument overlooks the fact that Heritage has only a second mortgage on the "commercial building" portion of the property, it having subordinated to the Bank of· Maryville. Further, without the commercial portion of the land as security, Heritage's security for the $325,000 might be seriously impaired through no fault of Heritage. In the appraisal submitted to Heritage to obtain the $400,000 loan, Green Meadows valued the commercial building at $260,000.

We believe the Trial Judge reached equitable results, and the decree below is affirmed.

Costs will be adjudged against the appellant.

CARNEY, P. J., and MATHERNE, J., concur.